**SUSAN MARTIN (AZ#014226)**
**DANIEL BONNETT (AZ#014127)**
**JENNIFER KROLL (AZ#019859)**
**MARTIN & BONNETT, P.L.L.C.**
1850 N. Central Avenue, Suite 2010
Phoenix, Arizona 85004
Telephone: (602) 240-6900
smartin@martinbonnett.com
dbonnett@martinbonnett.com
jkroll@martinbonnett.com

Attorneys for Plaintiff and the proposed Class

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MICHELLE COLSON, on behalf of herself and all others similarly situated, | CASE NO.: |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| AVNET, INC., | |
| Defendant. | |

Plaintiff alleges:

1. This case arises out of Defendant Avnet, Inc.'s ("Avnet" or "Defendant") unlawful employment practices. Specifically, Defendant unlawfully classified and continues to classify its employees employed as Sales and Marketing Representatives ("SMR employees") as exempt from the overtime requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.* and has failed and refused to pay overtime compensation in violation of the FLSA and in violation of Arizona's wage statutes, Ariz. Rev. Stat. § 23-350 *et. seq.* and Oregon's wage statutes, Or. Rev. Stat § 653.010 *et. seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States. Specifically, this action is brought under 29 U.S.C. § 216(b). This Court has pendent jurisdiction over the state claims pursuant to 28 U.S.C. § 1367(a).

3. This Court has personal jurisdiction over Defendant because Avnet regularly transacts business in and has significant and continuous contact with this District.

4. At all times material, Defendant was, and continues to be, engaged in interstate commerce as defined by the FLSA.

5. At all times material, during her employment with Defendant, Plaintiff was engaged in interstate commerce as defined by the FLSA.

6. Venue is proper under 28 U.S.C. § 1391(b) as Defendant resides in or around Maricopa County, Arizona.

## PARTIES

7. Plaintiff, Michelle Colson, is a citizen and resident of Washington County, Oregon who was at all relevant times employed as an SMR employee and was an "employee" within the meaning of Ariz. Rev. Stat. § 23-350. Plaintiff voluntarily submits to the jurisdiction of this Court for purposes of this action.

8. During her employment with Avnet, pursuant to Avnet's policy and pattern or practice, Plaintiff regularly worked for Avnet's benefit for periods of time without compensation. Avnet did not pay Plaintiff overtime compensation for hours worked for Avnet's benefit in excess of 40 hours in a workweek despite being legally obligated to do so.

9. Defendant Avnet, Inc. is a corporation authorized to conduct business in Arizona and is within the jurisdiction of this Court. Defendant's principal place of business is located in Phoenix, Arizona.

10. Defendant Avnet is an "employer" within the meaning of 29 U.S.C. §

203(d), Ariz. Rev. Stat. § 23-350 and Or. Rev. Stat. § 653.010(3).

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

11.     Plaintiff brings FLSA claims on behalf of herself and all similarly situated SMR employees who work or have worked for Avnet as SMR employees who elect to opt into this action.

12.     Avnet is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and similarly situated employees.  Defendant's failure to pay overtime compensation to similarly situated SMR employees results from Defendant's standard policy and practice, the class members are readily identifiable and all SMR employees performed similar duties, responsibilities and activities and all were and are harmed by Defendant's unlawful decision refusing and failing to pay overtime compensation in violation of the FLSA.  Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

13.     Plaintiff also brings suit on behalf of herself and on behalf of all others similarly situated for violations of Arizona's Wage Statutes and for violations of Oregon's Wage Statutes under the provisions of Rule 23 of the Federal Rules of Civil Procedure with respect to violations alleged in this Complaint.  Judicial economy dictates that the issues raised here be resolved in a single action.

14.     The proposed class ("Class") is defined as follows:

> All persons currently or formerly employed as a Sales and Marketing Representative or other inside sales position by Defendant in the United States who worked in excess of forty hours during one of more workweeks without receiving overtime compensation within three (3) years of the date this action was commenced.

15.     Defendant Avnet has intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and Arizona and Oregon Wage Statues.  This policy and pattern or practice includes but is not limited to:

   a. willfully failing to record all of the time that its employees, including Plaintiff and Class Members, have worked for the benefit of Defendant;

   b. willfully failing to keep records as required by the FLSA;

      c. willfully misclassifying Plaintiff and similarly situated SMR employees as "administrative" employees who are exempt from the overtime requirements of the FLSA;

      d. willfully failing to pay its SMR employees, including Plaintiff and members of the Class, overtime wages for hours that they worked in excess of 40 hours per week.

16. The requirements for maintaining this action as a class action under Fed. R. Civ. P. 23(a)(1) are satisfied in that there are too many Class members for joinder of all of them to be practicable. Upon information, there are thousands of members of the proposed Class dispersed among many states.

17. The claims of the Class members raise numerous common questions of fact and law, thereby satisfying the requirements of Fed. R. Civ. P. 23(a)(2).

18. Plaintiff's claims are typical of the claims of Class members and therefore satisfy the requirements of Fed. R. Civ. P. 23(a)(3). Plaintiff and the Class members work or have worked for Defendant as SMR employees and have not been paid overtime wages for hours they worked in excess of 40 hours per work.

19. Plaintiff will fairly and adequately represent the interests of the proposed Class and therefore satisfies the requirements of Fed. R. Civ. P. 23(a)(4).

20. Plaintiff has retained counsel who are competent and experienced in complex class actions and in labor and employment litigation and therefore satisfy the requirements of Fed. R. Civ. P. 23(g).

21. All of the requirements of Fed. R. Civ. P. 23(b)(1) are satisfied in that the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications establishing incompatible standards of conduct for Defendants. Also, individual adjudications present a risk of adjudications which, as a practical matter, would be dispositive of the interests of other members who are not parties.

22. All of the requirements of Fed. R. Civ. P. 23(b)(2) also are satisfied in that

the Defendant's actions affect or have affected all Class members in the same manner making appropriate final declaratory and injunctive relief with respect to the Class as a whole.

## GENERAL ALLEGATIONS

23. Defendant is an industrial distributor of electronic components, computer and storage products and embedded subsystems. Defendant resells and distributes the products of leading technology suppliers to Defendant's large global customer base exceeding 100,000 customers in dozens of countries.

24. Defendant employed Plaintiff and those current and former employees similarly situated under the title of Sales and Marketing Representative. Defendant improperly classified, and continues to classify, the SMR employees as exempt for the purpose of overtime compensation eligibility under the FLSA administrative exemption without reference to the types of duties those workers perform.

25. At no time material was Plaintiff's or any other SMR employee's primary duty the performance of office or non-manual work directly related to the management or general business operations of Defendant or Defendant's customers. Likewise, at no time material did Plaintiff's or any other SMR employee's primary duty include the exercise of discretion or independent judgment with respect to matters of significance.

26. Plaintiff and those current and former similarly situated SMR employees customarily and regularly performed non-exempt "inside sales" work. That is, the primary duties of Plaintiff and SMR employees consisted of producing sales of electronic component, computer and storage products and embedded subsystems to existing Avnet customers. SMR employees' performance success and compensation depends on selling the highest number of products at the highest possible markup.

27. Plaintiff and those current and former SMR employees similarly situated rarely, if ever, exercise true discretionary powers in connection with matters of significance.

28. Plaintiff and those current and former employees similarly situated were

not and are not relatively free from supervision in connection with matters of significance.

29. Upon information and belief, consistent with its policy and pattern or practice, Avnet did not keep accurate records of hours worked by members of the Class as required by the FLSA.

30. Plaintiff and current and former similarly situated SMR employees routinely and regularly worked for Defendant in excess of forty hours per workweek without being paid overtime wages.

31. Upon information and belief, Defendant was or should have been aware that state and federal law required it to pay its employees performing non-exempt duties overtime wages for hours worked in excess of forty per week.

32. Upon information and belief, Defendant was aware or should have been aware that Plaintiff and other SMR employees customarily and regularly perform non-exempt "inside sales" work consisting of producing sales of electronic component, computer and storage products and embedded subsystems to existing Avnet customers rarely exercise true discretionary powers in connection with matters of significance and were not and are not relatively free from supervision in connection with matters of significance.

33. Upon information and belief, Defendant's failure to pay Plaintiff and SMR employees overtime wages for their work in excess of 40 hours per week was willful and without justification or authorization from SMS employees.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND ALL FLSA CLASS MEMBERS

34. Plaintiff realleges and incorporates all allegations in all preceding paragraphs as if fully set forth.

35. Defendant has engaged in a widespread pattern and practice of violating the

FLSA, as set forth herein.

36. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff's consent is attached hereto as Exhibit A.

37. Plaintiff and those current and former employees similarly situated are entitled to be paid one and one-half times their hourly rate for each hour worked in excess of forty hours per workweek and to have such overtime compensation calculated in accordance with Federal Regulations to include commission/bonus payments earned in the appropriate workweek in the calculation of the regular rate for the purposes of determining overtime compensation entitlement.

38. In the course of employment with Defendant, Plaintiff and those current and former employees similarly situated worked the number of hours required of them, many times in excess of forty hours, but were not properly paid overtime compensation.

39. The pay practices of Defendant, as described in the above paragraphs, violated the FLSA by failing to properly pay overtime to Plaintiff and those current and former employees similarly situated for those hours worked each workweek in excess of forty hours.

40. Defendant's violations of the FLSA are willful and intentional. Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former SMR employees.

41. Because of Defendant's willful and unlawful acts, a three year statute of limitations applies, pursuant to 29 U.S.C. § 255 and Plaintiff and those current and former employees similarly situated have been harmed and suffered damages by being denied overtime wages in accordance with the FLSA, plus incurred costs and reasonable attorneys' fees.

42. As a result of Defendant's violations of the FLSA, Plaintiff and those current and former employees similarly situated are entitled to liquidated damages in an amount equal to the wages they are owed as unpaid overtime.

43. As a result of Defendant's violations of the FLSA, Plaintiff and those current and former employees similarly situated are entitled to declaratory and injunctive relief.

44. As a result of Defendant's unlawful acts, Plaintiff and the FLSA Class are entitled to recovery of overtime wages, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

45. During the three years preceding the filing of this lawsuit, Defendant has (1) employed and continues to employ individuals similarly situated to Plaintiffs (i.e., SMR employees) throughout the United States; (2) classified and continues to misclassify these employees as exempt for the purpose of overtime compensation eligibility; (3) suffered or permitted to be suffered, with knowledge, hours of service by these employees in excess of forty hours during one or more workweeks, for which Defendant failed to properly pay additional overtime premiums. Each improperly classified and therefore improperly paid SMR employee who performed or continues to perform services for Defendant for any time during the three years preceding this lawsuit, is entitled to notification of the pendency of this action and of his/her right to consent to becoming a party to this action.

## COUNT II
## FOR VIOLATION OF ARIZONA'S WAGE ACT ON BEHALF OF PLAINTIFF AND ALL CLASS MEMBERS

46. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

47. At all times relevant to this action, Plaintiff was an employee and Defendant was an employer within the meaning of and subject to Ariz. Rev. Stat. § 23-350.

48. Ariz. Rev. Stat. § 23-351 provides that: "a) each employer in this State shall designate two or more days in each month, not more than sixteen days apart, as fixed paydays for payment of wages to his employees. . . c) each employer shall, on each

of the regular paydays, pay to each of his employees. . .all wages due the employee up to such date. . ."

49. Ariz. Rev. Stat. § 23-351(3) provides that: "overtime or exception pay shall be paid no later than sixteen days after the end of the most recent pay period."

50. As set forth above, the FLSA requires that employees such as Plaintiff and similarly situated SMR employees be paid overtime wages for all hours worked in excess of forty hours per week. Defendant violated Ariz. Rev. Stat. §23-351 by failing to pay wages and overtime due Plaintiff and members of the Class for work in excess of forty hours per week within the time periods specified in Ariz. Rev. Stat. §23-351.

51. As a result of Defendant's violations of Ariz. Rev. Stat. § 23-351, Plaintiff and members of the Class are entitled to an award of the unpaid wages, with prejudgment-interest thereon, and are entitled to treble the amount of such wages, together with attorneys' fees and costs pursuant to Ariz. Rev. Stat. §23-355.

## COUNT III
## VIOLATION OF OREGON'S WAGE ACT ON BEHALF OF PLAINTIFF AND ALL CLASS MEMBERS

52. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

53. At all times relevant to this action, Plaintiff was employed by Defendant and Defendant was an employer within the State of Oregon within the meaning of Or. Rev. Stat. § 653.051.

54. Or. Rev. Stat. § 653.055 provides that:
> Any employer who pays an employee less than the wages to which the employee is entitled under ORS 653.010 to 653.261 is liable to the employee affected:
>
> (a) For the full amount of the wages, less any amount actually paid to the employee by the employer; and
>
> (b) For civil penalties provided in ORS 652.150.

55. Or. Rev. Stat. § 653.261 provides in relevant part:

> The Commissioner of the Bureau of Labor and Industries may adopt rules prescribing such minimum conditions of employment, excluding minimum wages, in any occupation as may be necessary for the preservation of the health of employees. The rules may include, but are not limited to…hours of work, but not less than eight hours per day or 40 hours per week; however, after 40 hours of work in one week overtime may be paid, but in no case at a rate higher than one and one-half times the regular rate of pay of the employees when computed without benefit of commissions, overrides, spiffs and similar benefits.

56.   Rules adopted by the Commissioner of the Bureau of Labor and Industries, OAR § 839-020-0030, provides:

> (1) Except as provided in OAR 839-020-0125 to 839-020-0135, all work performed in excess of forty (40) hours per week must be paid for at the rate of not less than one and one-half times the regular rate of pay when computed without benefits of commissions, overrides, spiffs, bonuses, tips or similar benefits pursuant to ORS 653.261(1). Similar benefits include, but are not limited to, discretionary bonuses, gifts, profit sharing, thrift and savings program, trusts, reimbursements for expenses, holiday, or vacation pay.

57.   Or. Rev. Stat. § 652.150 provides that as a penalty for nonpayment of wages, the wages or compensation of the employee shall continue from the due date thereof at the same hourly rate for eight hours per day until paid or until action therefor is commenced subject to a maximum of thirty days.

58.   Defendant violated Or. Rev. Stat. § 653.055 by failing to pay wages and overtime due Plaintiff and members of the Class for work in excess of forty hours per week.

59.   As a result of Defendant's violations of Or. Rev. Stat. § 653.055, Plaintiff and members of the class are entitled to an award of the unpaid wages and civil penalties as set forth in Or. Rev. Stat. § 652.150 and for attorneys' fees and costs pursuant to Or.

Rev. Stat. § 652.200.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Michelle Colson, individually and on behalf of others similarly situated, prays that judgment be entered against Defendant and that the Court award the following relief including but not limited to:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action or that the Court issue such notice to all persons who are presently, or have at any time during the three years immediately preceding the commencement of this suit, up through and including the date of this Court's issuance of Court-supervised notice been employed by Avnet as SMR employees. Such notice shall inform them that this civil action has been filed, the nature of the action, and the right to join this lawsuit if they were denied proper wages;

B. Certification of this action as a collective action under the FLSA, 29 U.S.C. § 216(b) and class action under the FLSA, under Arizona's wage statue and under Oregon's wage statute for all purposes of liability and relief and appointment of undersigned counsel as class counsel pursuant to Fed. R. Civ. P. 23(g);

C. An Order declaring that Defendant has violated the FLSA;

D. An Order declaring that Defendant has violated Arizona's Wage Act;

E. An Order declaring that Defendant has violated Oregon's Wage Act;

F. Judgment for Plaintiff and the Class against Defendant for the wages and overtime payments due them for the hours worked by them for Defendant without proper compensation as set forth in 29 U.S.C. § 216(b);

G. Judgment for Plaintiff and the Class against Defendant for liquidated damages as set forth in 29 U.S.C. § 216(b);

H. Judgment for Plaintiff and the Class against Defendant for treble damages as set forth in Ariz. Rev. Stat. §23-355;

I. Judgment for Plaintiff and the Class against Defendant for penalties as set forth in Or. Rev. Stat. § 652.150;

J. Judgment against Defendant declaring Defendant's conduct as set forth in this Complaint constitutes violation of the FLSA as well as Arizona and Oregon wage laws and other applicable laws;

K. Judgment against Defendant enjoining Defendant from continuing to classify SMR employees as exempt from the provisions of the FLSA;

L. An order awarding, declaring or otherwise providing Plaintiff and the Class all other such injunctive, equitable and legal relief to which Plaintiff and the Class are or may be entitled whether or not specified herein;

M. An order awarding Plaintiff and the Class reasonable attorneys' fees along with costs pursuant to 29 U.S.C. § 216(b), Ariz. Rev. Stat. § 23-355, Or. Rev. Stat. § 652.200 and/or the common fund theory;

N. Any and all other relief the Court deems just and proper.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE

Dated this 25th day of March, 2009.

               s/Susan Martin_____
**MARTIN & BONNETT, P.L.L.C.**
Susan Martin
Daniel Bonnett
Jennifer Kroll
1850 N. Central Avenue, Suite 2010
Phoenix, Arizona 85004
Telephone:   (602) 240-6900

**CHRISTIANSEN LAW**
Joel Christiansen (*Pro Hac Vice* App. To Be Submitted)
520 SW Sixth Avenue, Suite 1250
Portland, OR 97209
Telephone:   (503) 928-6750

ATTORNEYS FOR PLAINTIFF AND THE PROPOSED CLASS