1
2
3
4
5

FENNEMORE CRAIG, P.C.
Janice Procter-Murphy (No. 013078)
Jessica L. Catlett (No. 024790)
3003 North Central Avenue, Suite 2600
Phoenix, AZ  85012-2913
Telephone:  (602) 916-5000
Fax:  (602) 916-5999
Email:  jpmurphy@fclaw.com
Email:  jcatlett@fclaw.com

6
7
8
9
10
11
12
13

GIBSON, DUNN & CRUTCHER LLP
Eugene Scalia (CA Bar No. 151540)*
Julian W. Poon (CA Bar No. 219843)*
Jesse A. Cripps, Jr. (CA Bar No. 222285)*
Margaret A. Farrand (CA Bar No. 235295)*
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  (213) 229-7000
Fax:  (213) 229-7520
Email:  escalia@gibsondunn.com
Email:  jpoon@gibsondunn.com
Email:  jcripps@gibsondunn.com
Email:  mfarrand@gibsondunn.com
*Admitted Pro Hac Vice

Attorneys for Defendant Avnet, Inc.

14

UNITED STATES DISTRICT COURT

15

DISTRICT OF ARIZONA

16
17
18
19
20
21
22
23

| | |
|---|---|
| MICHELLE COLSON, on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>AVNET, INC.,<br><br>                    Defendant. | **CASE NO.  2:09-cv-00603-PHX-MHM**<br><br>**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), AND STRIKE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f)**<br><br>ORAL ARGUMENT REQUESTED |

24
25
26
27
28

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ..................................................................................1

II.     PROCEDURAL HISTORY AND SUMMARY OF ALLEGATIONS ..................1

        A.      Plaintiff's Assertion That She Was Misclassified As Exempt. ...................2

        B.      Plaintiff's Allegations Regarding Her Job Duties and Those Of Other
                SMRs. ........................................................................................2

        C.      Plaintiff's Class Allegations..........................................................3

III.    PLAINTIFF'S BURDEN AT THE PLEADINGS STAGE................................3

IV.     ARGUMENT........................................................................................4

        A.      Plaintiff Fails To Plead Sufficient Facts To Make Her Overtime
                Claims Plausible. .........................................................................4

                1.      Plaintiff Fails To Plausibly Allege Misclassification.....................5

                2.      Plaintiff Fails To Adequately Allege That She Or Other
                        SMRs Were "Similarly Situated."....................................7

                3.      Plaintiff Fails To Adequately Allege That Avnet Acted
                        "Willfully."...............................................................9

        B.      Plaintiff's State-Law Claims Conflict With The FLSA's "Opt-Out"
                Class And Remedial Scheme, And Therefore Are Preempted..................10

                1.      Plaintiff Impermissibly Seeks An Opt-Out Class. ...................10

                2.      Plaintiff Seeks Remedies That Would Disrupt the FLSA's
                        Comprehensive Remedial Scheme. ..................................11

        C.      Plaintiff's Extraterritorial Arizona-Law Claim Should Be Dismissed
                Or Stricken. ..............................................................................13

                1.      Plaintiff Does Not Qualify As An "Employee" Under A.R.S.
                        § 23-350. ...............................................................13

                2.      Plaintiff Did Not "Perform" Any Employment Contract In
                        Arizona..................................................................14

        D.      Plaintiff Lacks Standing To Pursue Injunctive Relief..............................17

V.      CONCLUSION....................................................................................17

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Anderson v. Sara Lee Corp.*,
  508 F.3d 181 (4th Cir. 2007) ............................................................... 11, 12

*Ashcroft v. Iqbal*,
  129 S.Ct. 1937 (2009) ......................................... 3, 4, 5, 7, 9, 15, 17

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................... 3, 4, 17

*Cayuga Construction Co. v. Vanco Engineering Co.*,
  423 F. Supp. 1182 (W.D. Pa. 1976) ....................................................... 14

*City of Glendale v. Coquat*,
  46 Ariz. 478 (1935) ................................................................................ 15

*City of Los Angeles v. Lyons*,
  461 U.S. 95 (1983) ................................................................................. 17

*Clark v. Martinez*,
  543 U.S. 371 2005) ................................................................................ 17

*Cohen v. First National Bank*,
  22 Ariz. 394 (1921) ............................................................................... 14

*Collins v. Am. Buslines, Inc.*,
  286 P.2d 214 (Ariz. 1955), *rev'd on other grounds*, 350 U.S. 528 (1956) ............... 15

*De Asencio v. Tyson Foods, Inc.*,
  342 F.3d 301 (3d Cir. 2003) .................................................................. 11

*De Luna-Guerrero v. North Carolina Grower's Assn., Inc.*,
  370 F. Supp. 2d 386 (E.D.N.C. 2005) ....................................................... 9

*DeBremaecker v. Scott*,
  433 F.2d 733 (5th Cir. 1970) ................................................................... 8

*Desert Wide Cabling & Installation, Inc. v. Wells Fargo & Co.*,
  191 Ariz. 516 (1998) .............................................................................. 15

*Doe v. Wal-Mart Stores, Inc.*,
  2009 U.S. App. LEXIS 15279 (9th Cir. July 10, 2009) ................................. 5

*Ellis v. Edward D. Jones & Co, L.P.*,
  527 F. Supp. 2d 439 (W.D. Pa. 2007) ..................................................... 10

*Evancho v. Sanofi-Aventis U.S., Inc.*,
  2007 WL 4546100 (D.N.J. 2007) ........................................................... 10

*Filson v. Bell Telephone Labs, Inc.*,
  186 A.2d 320 (N.J. Co. 1962) ................................................................ 14

*Flores v. Albertson's, Inc.*,
　2003 WL 24216269 (C.D. Cal. Dec. 9, 2003) .......................................... 12

*Frey v. Spokane County Fire Dist. No. 8*,
　2006 WL 2597956 (E.D. Wash. Sept. 11, 2006) ..................................... 12

*Gilstrap v. Synalloy Corp.*,
　409 F. Supp. 621 (M.D. La. 1976) ............................................................. 7

*Hodgson v. Penn Packing Co.*,
　335 F. Supp. 1015 (E.D. Pa. 1971) ........................................................... 7

*Hyatt Chalet Motels, Inc. v. Carpenters Local 1065*,
　430 F.2d 1119 (9th Cir. 1970) .................................................................. 6

*In re Marriage of Reich*,
　32 P.3d 904 (Or. App. 2001) ............................................................. 13, 14

*In re: Wells Fargo Home Mortgage*,
　2009 U.S. App. LEXIS 14864 (9th Cir. July 7, 2009) .............................. 7

*Indust. Truck Ass'n, Inc. v. Henry*,
　125 F.3d 1305 (9th Cir. 1997) ................................................................ 10

*LaChappelle v. Berkshire Life Ins. Co.*,
　142 F.3d 507 (1st Cir. 1998) .................................................................... 6

*Lanzarone v. Guardsmark Holdings, Inc.*,
　2006 WL 4393465 (C.D. Cal. Sept. 7, 2006) ......................................... 17

*LePage v. Blue Cross and Blue Shield of Minnesota*,
　2008 WL 2570815 (D. Minn. 2008) .......................................................... 6

*Lerwill v. Inflight Motion Pictures, Inc.*,
　343 F. Supp. 1027 (N.D. Cal. 1972) ....................................................... 13

*Mateo v. M/S Kiso*,
　805 F. Supp. 761 (N.D. Cal. 1991) ........................................................... 8

*Mazur v. EBay, Inc.*,
　2009 WL 1203937 (N.D. Cal. May 5, 2009) ............................................. 8

*McLaughlin v. Richland Shoe Co.*,
　486 U.S. 128 (1988) .................................................................................. 9

*Mir v. Little Co. of Mary Hosp.*,
　844 F.2d 646 (9th Cir. 1988) .................................................................... 9

*Mitchell v. Abercrombie & Fitch*,
　2005 WL 1159412 (S.D. Ohio, May 17, 2005) ....................................... 16

*Moeck v. Gray Supply Corp.*,
　2006 WL 42368 (D.N.J. Jan. 6, 2006) .................................................... 12

*Muhammad v. Oliver*,
　547 F.3d 874 (7th Cir. 2008) .................................................................... 6

2219594.1/12444.041

*National Collegiate Athletic Ass'n v. Miller,*
 10 F.3d 633 (9th Cir. 1993) ................................................................ 16

*Nimmons v. RBC Ins. Holdings (USA) Inc.,*
 2007 WL 4571179 (D.S.C. Dec. 27, 2007) ........................................ 12

*Norkunas v. Cochran,*
 895 A.2d 1101 (Md. App. 2006) ......................................................... 14

*Panos v. Timco Engine Center, Inc.,*
 2009 WL 1658416 (N.C. App. June 16, 2009) ................................... 16

*Pelican State Phys. Therapy, LP v. Bratton,*
 2007 WL 2833303 (Tex. App. Sept. 27, 2007) ................................... 16

*Perez v. Time Moving & Storage, Inc.,*
 2009 U.S. Dist. LEXIS 17065 (S.D.N.Y. Jan. 16, 2009) ..................... 4

*Powell v. Florida,*
 132 F.3d 677 (11th Cir. 1998) ............................................................ 17

*Redhair v. Kinerk, Beal, Schmidt, Dyer & Sethi,*
 218 Ariz. 293 (2008) .......................................................................... 15

*Reich v. John Alden Life Ins. Co.,*
 126 F.3d 1 (1st Cir. 1997) ................................................................. 2, 7

*Richardson Construction, Inc. v. Clark County School Dist.,*
 223 Fed. Appx. 731 (9th Cir. 2007) ..................................................... 6

*Roman v. Maietta Construction, Inc.,*
 147 F.3d 71 (1st Cir. 1998) ........................................................... 11, 12

*Ryan v. Indust. Comm'n of Arizona,*
 127 Ariz. 607 (Ariz. App. 1981) ........................................................ 13

*Service Employees Intern. Union, Local 102 v. County of San Diego,*
 60 F.3d 1346 (9th Cir. 1994) ............................................................... 9

*South Ridge Baptist Church v. Industrial Com'n of Ohio,*
 911 F.2d 1203 (6th Cir. 1990) ........................................................... 16

*State ex rel. Nilsen v. Lee,*
 251 Or. 284 (1968) ............................................................................... 9

*State Farm Mut. Auto Ins. Co. v. Campbell,*
 538 U.S. 408 (2003) ........................................................................... 16

*Vinole v. Countrywide Home Loans, Inc.,*
 2009 WL 1926444 *9 (9th Cir. July 7, 2009) .................................... 4, 8

*Williamson v. General Dynamics Corporation,*
 208 F.3d 1144 (9th Cir. 2000) ........................................................... 12

*Wilshin v. Allstate Insurance Co.,*
 212 F. Supp. 2d 1360 (M.D. Ga. 2002) ............................................... 7

- iv -

*Woodard v. FedEx Freight East, Inc.*,
　250 F.R.D. 178 (M.D. Pa. 2008)......................................................................10

*Xue Lian Lin v. Comprehensive Health Management, Inc.*,
　2009 WL 976835 (S.D.N.Y. 2009) .................................................................5

*Zhong v. August August Corp.*,
　498 F. Supp. 2d 625 (S.D.N.Y. 2007) .............................................................7

**CONSTITUTIONAL PROVISIONS**

U.S. CONST., ART. VI ........................................................................................15

**STATUTES**

29 U.S.C. § 211 ..................................................................................................17

29 U.S.C. § 215–17 .............................................................................................11

29 U.S.C. § 216(b) ..................................................................................7, 10, 17

29 U.S.C. § 218 ..................................................................................................13

29 U.S.C. § 255(a) ................................................................................................9

Ariz. Rev. Stat. § 12-341.01 ...............................................................................17

Ariz. Rev. Stat. § 12-541 ....................................................................................15

Ariz. Rev. Stat. § 23-351 ..............................................................11, 12, 16, 17

Ariz. Rev. Stat. § 23-352 ....................................................................................16

Ariz. Rev. Stat. § 23-353 ....................................................................................16

Ariz. Rev. Stat. § 23-355 ..............................................................10, 11, 15

ORS § 652.120 ....................................................................................................16

ORS § 652.150 ..............................................................................................10, 12

ORS § 653.261 ....................................................................................................11

RCWA § 49.48.010 ............................................................................................16

**RULES AND REGULATIONS**

Fed. R. Civ. P. 8..............................................................................................4, 17

Fed. R. Civ. P. 9....................................................................................................9

29 C.F.R. § 541.200..............................................................................................2

2219594.1/12444.041

Fed. R. Civ. P. 12(b)(6)....................................................................................6

Fed. R. Civ. P. 23..........................................................................................10

Oregon Administrative Rules § 839-020-0030 ..............................................11

**OTHER AUTHORITIES**

Restatement (Second) of Contracts, § 63 (comment a) ...................................14

2 Williston on Contracts, § 6.37 (4th ed. 2009) .............................................14

2 Williston on Contracts, § 6.62 (4th ed. 2009) .............................................14

2219594.1/12444.041

# I.    INTRODUCTION

Plaintiff alleges that she and other Sales and Marketing Representatives ("SMRs") employed by Defendant Avnet, Inc. ("Avnet") were misclassified as exempt "administrative" employees under the Fair Labor Standards Act ("FLSA").  Yet, even after amending her Complaint, she still fails to plead *facts* that render this claim plausible. Instead, she continues to rely almost exclusively on bare legal conclusions copied straight from statutes and regulations.  When these legal conclusions are stripped away, the facts in her First Amended Complaint ("Complaint" or "FAC") consist of nothing more than a "part[ial]" list of job duties that point just as strongly towards exempt status as non-exempt status.  Plaintiff also continues to overreach.  She defines her proposed class to include an amorphous and undefined class of individuals who supposedly "perform substantially the same duties" as herself.  She seeks to radically alter the FLSA's procedures and comprehensive remedial scheme by pursuing state-law penalties on an "opt out" basis, rather than the "opt-in" basis mandated by Congress.  She purports to seek far-reaching treble damages under Arizona state law even on behalf of individuals who may never have set foot in this State before.  And she seeks injunctive relief that private litigants may not pursue.  Her claims thus should be dismissed and/or stricken.

# II.    PROCEDURAL HISTORY AND SUMMARY OF ALLEGATIONS

This is Plaintiff's second attempt to allege facts in support of her FLSA claim.  Her Original Complaint purported to seek relief on behalf of a nationwide class of "Sales and Marketing Representative[s]" and all those in "other inside sales position[s]."  Original Complaint at ¶ 14 (filed Mar. 25, 2009) (Docket No. 1).  Avnet filed a Motion to Dismiss and Strike that Complaint on June 1, 2009.  (Docket No. 24 (asserting that conclusory allegations about Plaintiff's job were insufficient to support her allegation that she was misclassified)).[1]  Before that motion was heard, however, Plaintiff sought to remedy (and mask) the various defects in her Original Complaint by filing an Amended Complaint on

---

[1] *See* Docket No. 24, at 7.  Avnet also filed, in the alternative, a Motion to Stay, which Avnet requests not be heard until the Court hears oral argument on the instant motion.

1    July 6, 2009.  However, the few changes that Plaintiff has made have failed to cure many of

2    the fundamental deficiencies in her Original Complaint.

3      **A.    Plaintiff's Assertion That She Was Misclassified As Exempt.**

4            Plaintiff continues to put her "exempt" status squarely at issue by alleging that she

5    and others were misclassified "as 'administrative' employees who are exempt from the

6    overtime requirements of the FLSA."  (Docket No. 73 (FAC) at ¶ 14).  Her Arizona- and

7    Oregon-law claims stem from the same theory.  *Id*. at ¶ 52 (alleging that failure to properly

8    pay wages due under the FLSA gives rise to Arizona-law treble damages); *id*. at ¶¶ 54-61

9    (Oregon penalties).

10           The "administrative exemption" renders FLSA overtime requirements inapplicable to

11   employees who perform office or non-manual work relating to the operations of the

12   employer or its customers, and who exercise sufficient discretion and independent

13   judgment.  29 C.F.R. § 541.200.[2]  This includes certain employees with sales-related

14   responsibilities.  *E.g.*, *Reich v. John Alden Life Ins. Co.*, 126 F.3d 1, 5, 13-14 (1st Cir.

15   1997) (exemption applied to certain employees who "generat[ed] approximately $1.5

16   million [to] $3 million in sales each year").  Indeed, the United States Department of Labor

17   ("DOL") and Avnet previously stipulated that the administrative exemption does, in fact,

18   apply to Avnet's SMRs.  Docket No. 25 (Avnet's Request for Judicial Notice ("RJN")

19   (filed 6/1/09)), Exh. A (Exh. 1 thereto, at 3).

20     **B.    Plaintiff's Allegations Regarding Her Job Duties and Those Of Other SMRs.**

21           The specific job duties at issue in this case were performed by Plaintiff while she was

22   living and working in Oregon.  FAC at ¶ 55 ("At all times relevant Plaintiff was employed

23   by Defendant . . .  within the State of Oregon"); ¶ 7 (Plaintiff "is a citizen and resident of

24   Washington County, Oregon").  However, in describing her work, Plaintiff continues to

25   rely on the same types of legal conclusions set forth in her Original Complaint.  *See, e.g.*,

26

27     [2]  The administrative exemption is just one of several potentially applicable exemptions, as
       discussed in Avnet's Opposition to Plaintiff's Motion for Conditional Certification.
28     Docket No. 50 at 12.

- 2 -

1  Docket No. 1 (Original Complaint) at ¶¶ 25, 27, 28 (quoting FLSA regulations); Amended

2  Complaint at ¶¶ 25, 26, 28, 29 (same).  When Plaintiff finally gets around to alleging facts

3  about her job, she provides nothing more than a "part[ial]" list of job duties.  FAC at ¶ 27

4  (listing "part of [her] job responsibilities").  This "partial" list fails to address various <u>other</u>

5  tasks performed by Plaintiff or by those she purports to represent.  *See, e.g.*, RJN, Exh. A

6  (Exh. A to Exhibit 1 thereto ("exempt job description"), para. 2) (DOL Stipulation listing

7  "negotiations," "proposals," and "handling of customer requirements").  It also fails to

8  describe the tasks performed most frequently by any given employee.  Yet, from this partial

9  list of job duties, Plaintiff purports to draw legal conclusions about her "primary duty."

10  FAC at ¶ 26 (primary duty was "inside sales work" and "booking sales").

11  **C.  Plaintiff's Class Allegations.**

12       Plaintiff also amended her class allegations.  The class is no longer defined to include

13  "other inside sales" employees; instead, however, she now seeks to certify a similarly

14  vague and amorphous class of individuals who allegedly "perform[] substantially the same

15  duties" as herself.  FAC at ¶¶ 1; 13.  In addition, although Plaintiff now has limited her

16  Oregon state-law claims to individuals who actually worked in Oregon, FAC at ¶ 13, she

17  continues to seek treble damages under Arizona state law on behalf of all SMRs throughout

18  the country, regardless of whether they ever actually worked or set foot in Arizona.  FAC at

19  ¶ 13.

20  **III.  PLAINTIFF'S BURDEN AT THE PLEADINGS STAGE**

21       In the wake of the U.S. Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*,

22  550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), plaintiffs no longer can

23  proceed to discovery merely by alleging facts that could *possibly* entitle them to relief.

24  Rather, they must allege facts demonstrating "a claim to relief that is *plausible* on its face."

25  *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570) (emphasis added); *see also id.*

26  at 1950 (Rule 8(a) "does not unlock the doors of discovery for a plaintiff armed with

27  nothing more than conclusions").

28       Under *Iqbal*, a plaintiff's burden is two-fold.  First, she must assert more than

1  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

2  statements." 129 S.Ct. at 1949 (such allegations are not presumed to be true).  Second, after

3  stripping away these legal conclusions, the non-conclusory factual allegations in the

4  complaint must state a claim for relief that is "plausible." *Id.* at 1950.  Facts that simply

5  raise a "mere possibility of misconduct" are insufficient – they must actually "*show*," in a

6  *plausible* way, that the plaintiff is entitled to relief.  *Id.* ("[W]here the well-pleaded facts do

7  not permit the court to infer more than the mere possibility of misconduct, the complaint

8  has alleged – but it has not 'show[n]'– that the pleader is entitled to relief." (quoting Fed. R.

9  Civ. P. 8(a)(2)).  Plaintiffs may not simply allege facts that are "consistent" with a right to

10  relief if surrounding circumstances suggest an "obvious alternative explanation." *Iqbal*,

11  129 S.Ct. at 1951 (quoting *Twombly*, 550 U.S. at 567).

12                          **IV.    ARGUMENT**

13  **A.    Plaintiff Fails To Plead Sufficient Facts To Make Her Overtime Claims**

14          **Plausible.**

15          Plaintiff's allegation that she was misclassified is the metaphorical "elephant in the

16  room" and the key question undergirding this entire case.  Yet, despite having amended her

17  Complaint once already, Plaintiff still fails to plead facts about her job duties to make this

18  claim plausible.  As Avnet previously pointed out in its earlier Motion to Dismiss/Strike,

19  almost all of her allegations continue to consist of legal conclusions copied straight from

20  FLSA regulations.  Plaintiff's only other allegation – her "partial" list of job duties – does

21  nothing more than raise the "*possibility*" of misclassification (if that), which is clearly

22  insufficient under *Iqbal*.  *Iqbal*, 129 S.Ct. at 1949 (Rule 8(a) "asks for more than a sheer

23  possibility that a defendant has acted unlawfully.").  Indeed, because "exempt status

24  depends upon an individualized determination of [Plaintiff's] work," *Vinole v.*

25  *Countrywide Home Loans, Inc.*, 2009 WL 1926444 *9 (9th Cir. July 7, 2009), Plaintiff's

26  allegation that class members were misclassified as exempt makes actual allegations of job

27  duties all the more necessary.  *See, e.g., Perez v. Time Moving & Storage, Inc.,* 2009 U.S.

28  Dist. LEXIS 17065 *2-3 (S.D.N.Y. Jan. 16, 2009) ("the need for specific factual allegations

- 4 -

about what the plaintiffs do every day [was] particularly important," given the potential applicability of the FLSA's Motor Carrier Exemption); *see also Doe v. Wal-Mart Stores, Inc.*, 2009 U.S. App. LEXIS 15279 *11 (9th Cir. July 10, 2009) (allegations that defendant "contracted with suppliers regarding [various] contract terms" were insufficient, because they failed to indicate "an immediate level of day-to-day control over [defendant's] supplier[s'] employees") (internal quotations and citation omitted).

**1.      Plaintiff Fails To Plausibly Allege Misclassification.**

In alleging misclassification, Plaintiff continues to simply parrot back language from the pertinent regulations.  In doing so, she continues to rely on the same type of bare legal conclusions that plagued her Original Complaint.  To wit, she alleges:

- "At no time material was Plaintiff's or any other SMR employee's *primary duty the performance of office or non-manual work directly related to* [Defendant's or its customers'] *management or general business operations*," FAC ¶ 25 (quoting 29 C.F.R. 541.200(a)(2) and 541.201(a)) (emphasis added); see also FAC ¶ 26 (drawing legal conclusions about the "*primary duties*" of SMRs);[3]

- "[A]t no time material did Plaintiff's or any other SMR employee's *primary duty* include the *exercise of discretion or independent judgment with respect to matters of significance*," FAC ¶ 25 (quoting 29 C.F.R. 541.200(a)(3)) (emphasis added);

- "Plaintiff and . . . current and former SMR employees . . . rarely, if ever, *exercise true discretion*ary powers in connection with *matters of significance*," FAC ¶ 28 (partially quoting 29 C.F.R. § 541.200(a)(3)) (emphasis added);

- "Plaintiff and those current and former SMR employees similarly situated were not . . . relatively free from *supervision* in connection with *matters of significance*." *Id.* ¶ 29 (quoting terms from 29 C.F.R. § 541.200, § 541.202(c)) (emphasis added)).

These are precisely the sort of "[t]hreadbare recitals" that are plainly inadequate under *Iqbal* and *Twombly*.  *Iqbal*, 129 S.Ct. at 1949.  *See also Doe*, 2009 U.S. App. LEXIS 15279 *11 (deeming inadequate plaintiffs' "conclusion" that was "not a factual allegation stated with any specificity").  Such allegations fall far short of providing a sufficient basis to subject any defendant to the tremendous cost of discovery in a nationwide class action. *See id.*; *Xue Lian Lin v. Comprehensive Health Management, Inc.*, 2009 WL 976835 (S.D.N.Y. 2009) (conclusory allegation that individual defendants were "employers" under

---

[3]   The italicized language in these quotations was taken verbatim from FLSA regulations.

the FLSA was insufficient); *LePage v. Blue Cross and Blue Shield of Minnesota*, 2008 WL

2570815 (D. Minn. 2008) (conclusory allegation that defendant permitted employees "to

work hours each week without minimum wage compensation" also insufficient).  Nor is

Plaintiff excused from pleading such facts simply because the exemption may qualify as an

"affirmative defense."  "[W]hen an affirmative defense is disclosed in the complaint, it

provides a proper basis for a Rule 12(b)(6) motion."  *Muhammad v. Oliver*, 547 F.3d 874,

878 (7th Cir. 2008).[4]

     Apart from these legal conclusions, Plaintiff's only other allegation about her work is

a "partial" list of job duties, which includes certain "sales" functions, "quoting [of

information]," "creating . . . purchase orders," "communicating with customers," and

"attending [] meetings."  FAC at ¶ 27.[5]  These duties fail to satisfy *Iqbal*'s plausibility

requirement, because they do not support Plaintiff's claim that she or other employees were

---

[4]  Indeed, even where an affirmative defense does "not appear[] on the face of the
complaint, [it] may be established upon motion to dismiss . . . when . . . a set of
undisputed facts is revealed upon which the moving party is entitled to judgment as a
matter of law."  *Hyatt Chalet Motels, Inc. v. Carpenters Local 1065*, 430 F.2d 1119,
1120 (9th Cir. 1970) (internal quotation marks and citation omitted).  In *Muhammad*,
Judge Posner held that dismissal was proper where plaintiff's complaint failed to plead
sufficient facts to support plaintiff's contention that his claims were not barred by res
judicata.  547 F.3d at 878.  Similarly, where a complaint suggests a statute of limitations
defense, the plaintiff's "fail[ure] to sketch a factual predicate that would warrant the
application of equitable estoppel," so as to avoid the time bar, bars his claim.
*LaChappelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 509-10 (1st Cir. 1998).  *See also
Richardson Construction, Inc. v. Clark County School Dist.*, 223 Fed. Appx. 731, 733
(9th Cir. 2007) (dismissal proper where plaintiff's amended complaint failed to cure
statute of limitations defect).

[5]  Plaintiff relies on this "partial" list of job duties to describe not only her own job duties
but also those of individuals across the country who happen to share the "SMR" job
title.  FAC ¶ 27.  Her refusal to plead anything more is telling.  As recently
demonstrated by Avnet's Opposition to Plaintiff's Motion for Conditional Certification,
there are many significant differences in the job duties performed by different
employees across the country who happen to share the "SMR" job title, and in how such
SMRs spend their day.  Docket Nos. 50-52.  Thus, if Plaintiff ever were able to plead
non-conclusory facts supporting her claims as to any of these other SMRs located
anywhere else outside of Oregon, such facts would readily belie her claim that she is
"similarly situated" to all other employees, thereby precluding her claim for
certification.  FAC ¶¶ 11, 13, 28-31; Docket No. 50 (Opp. to Conditional Cert.), at 9-14.

1    misclassified.  Indeed, the listed duties are just as consistent with exempt as non-exempt

2    status.  Such mere "possib[ilities]" of entitlement to relief are insufficient.  *Iqbal*, 129 S.Ct.

3    at 1949.

4            Moreover, there is no magic to Plaintiff's repeated incantation of the term "sales."

5    *See* FAC ¶ 26 (reference to "inside sales," and "sales of electronic component, computer

6    and storage products and embedded subsystems").  As numerous courts have recognized,

7    there is no reason why someone engaged in sales cannot qualify for the administrative

8    exemption.  *See, e.g., Reich v. John Alden Life Ins. Co.*, 126 F.3d 1, 13-14 (1st Cir. 1997)

9    (marketing representatives exempt); *Wilshin v. Allstate Insurance Co.*, 212 F. Supp. 2d

10   1360, 1379-80 (M.D. Ga. 2002) (administrative exemption applied where plaintiff

11   "interacted with clients in order to provide quotes and product information . . . [and] during

12   the sales process he determined the products and coverages that he would recommend and

13   emphasize to customers"); *Hodgson v. Penn Packing Co.*, 335 F. Supp. 1015, 1020-21 n.3

14   (E.D. Pa. 1971) ("[T]here appears to be no reason why an inside salesman meeting all of

15   the requirements for executive or administrative personnel could not be exempt."); *Gilstrap*

16   *v. Synalloy Corp.*, 409 F. Supp. 621, 626 (M.D. La. 1976) (inside salesman exempt).

17           **2.     Plaintiff Fails To Adequately Allege That She Or Other SMRs Were**

18                 **"Similarly Situated."**

19           Even assuming that Plaintiff has sufficiently pleaded that she and others were

20   misclassified (which she clearly has not), she also comes nowhere close to plausibly

21   alleging that employees are "similarly situated."  The burden of proving as much rests

22   squarely on Plaintiff, 29 U.S.C. § 216(b), and requires her to show that class members

23   "actually perform[] similar duties."  *In re:  Wells Fargo Home Mortgage*, 2009 U.S. App.

24   LEXIS 14864 *13 (9th Cir. July 7, 2009) (internal quotations omitted).  To establish a

25   plausible claim for relief, therefore, it follows that Plaintiff must at least allege that putative

26   class members spent their time at work in substantially the same way that she did.  *Zhong v.*

27   *August August Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007) (an FLSA plaintiff

28   seeking to represent other employees must plead facts "indicat[ing] who those other

- 7 -

1  employees are, and alleg[ing] facts that would entitle them to relief").

2      Plaintiff utterly fails to meet this requirement:  her "partial" list of job duties fails to

3  suggest whether all SMRs spend their time the same way, or whether some spend most of

4  their time "quoting prices," as opposed to "attending meetings," "creating . . . purchase

5  orders," or performing other tasks that Plaintiff does not even mention.  FAC ¶ 27; Docket

6  No. 51.  Such specific job duties may affect an individual's entitlement to relief under the

7  FLSA.  *Vinole*, 2009 WL 1926444 *8 ("[The FLSA exemption] analysis . . . require[s] an

8  individualized inquiry into the manner in which each [employee] actually carried out his or

9  her work.").

10      Moreover, Plaintiff's amorphous reference to employees who "perform[]

11  substantially the same duties" as SMRs, FAC ¶ 13, is unacceptably vague.[6]  As a matter of

12  black-letter law, a class action plaintiff must allege the existence of "an identifiable and

13  ascertainable class."  *Mazur v. EBay, Inc.*, 2009 WL 1203937 at *4 (N.D. Cal. May 5,

14  2009).  Simply alleging a class of "residents of this State active in the 'peace movement,'"

15  for example, *DeBremaecker v. Scott*, 433 F.2d 733, 734 (5th Cir. 1970), or employees

16  "'subject to the same type of conduct' alleged . . . in [a] complaint," *Mateo v. M/S Kiso*,

17  805 F. Supp. 761, 773 (N.D. Cal. 1991), is insufficient.  *See also Mazur*, 2009 WL 1203937

18  at *4 (proposed class was unascertainable where plaintiff failed to "suggest[] a method by

19  which to determine how to identify" class members).  Similarly here, Plaintiff fails to

20  define the inherently vague phrase "substantially the same duties" or suggest how to

21  identify employees whose work she considers "substantially the same" as SMRs'.  The

22  Court therefore should strike this phrase from the class definition.[7]

23

24

---

25  [6]  It also belies her disingenuous "clarif[ication]" that she supposedly is only seeking to
    "represen[t] a class of employees with the title of 'SMR.'"  Opp. to Mtn. to Dismiss
26  at 2, n.1; Docket No. 24.

27  [7]  The Court also should strike Plaintiff's proposed Oregon subclass, FAC ¶ 13, as
    Plaintiff fails to adequately allege that Rule 23's numerosity requirement is satisfied, or
28  that joinder would be impracticable, with respect to individuals from that small branch
    office.

2219594.1/12444.041

**3.      Plaintiff Fails To Adequately Allege That Avnet Acted "Willfully."**

Plaintiff further fails to plausibly allege that Avnet acted "willfully," so as to extend the statute of limitations under the FLSA from two to three years.  This is another issue on which Plaintiff indisputably bears the burden of proof.  29 U.S.C. § 255(a); *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 (1988) (placing the burden on "the [plaintiff] Secretary" to prove willfulness for statute-of-limitations purposes); *De Luna-Guerrero v. North Carolina Grower's Assn., Inc.*, 370 F. Supp. 2d 386, 388 (E.D.N.C. 2005) (same for private plaintiffs); *State ex rel. Nilsen v. Lee*, 251 Or. 284, 294 (1968) (same under Oregon law).

In *Iqbal*, the Supreme Court specifically held that conclusory allegations of willfulness are insufficient.  *Iqbal*, 129 S.Ct. at 1954.  Yet that is exactly what Plaintiff has pleaded here, simply stating without elaboration that Avnet "intentionally, willfully, and repeatedly" violated the FLSA.  FAC at ¶ 14.  Although "conditions of a person's mind" may be alleged "generally" under Fed. R. Civ. P. 9, plaintiffs cannot "evade the less rigid – though still operative – strictures of Rule 8," which require more than "the bare elements of [a] cause of action."  *Iqbal*, 129 S.Ct. at 1954.  Plaintiff's failure to plead a single fact suggesting "willful" behavior is completely inadequate.  This is especially true given that the DOL already has expressly agreed that various job duties performed by SMRs fall within the administrative exemption.  RJN, Exh. A (Exh. 1 thereto, at 3).[8]  *See, e.g., Service Employees Intern. Union, Local 102 v. County of San Diego*, 60 F.3d 1346, 1355-56 (9th Cir. 1994) (willfulness not shown where defendants "consult[ed] experts and the DOL" about their obligations).  Plaintiff's allegations of willfulness should therefore be stricken.[9]

---

[8] Courts can and should consider not only the contents of the complaint but also judicially noticeable "matters of public record outside the pleadings" in ruling on a motion to dismiss.  *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988).

[9] Plaintiff's assertion that Avnet "was or should have been aware" that its employees supposedly were not exempt, FAC ¶¶ 32-33, also does not suffice to allege "willfulness" because it is a legal conclusion and, in any event, only alleges negligence, rather than 29 U.S.C. § 255(a)'s minimum threshold showing of recklessness.  *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988) (applying "knew or showed reckless disregard" standard).

1  **B.    Plaintiff's State-Law Claims Conflict With The FLSA's "Opt-Out" Class And**

2  **Remedial Scheme, And Therefore Are Preempted.**

3  The FLSA preempts Plaintiff's claims for state-law penalties, which impermissibly

4  seek to evade the FLSA's "opt-in" class procedure by asserting FLSA-equivalent claims

5  through an "opt-out" class under Fed. R. Civ. P. 23.[10]  Entertaining such claims would

6  thwart Congress's objectives in passing the FLSA in at least two ways.  First, permitting

7  assertion of FLSA-equivalent state-law claims through a Rule 23 "opt-out" class would

8  "eviscerate the purpose of Section 216(b)'s opt-in requirement" by rendering it superfluous.

9  *Ellis v. Edward D. Jones & Co, L.P.*, 527 F. Supp. 2d 439, 452 (W.D. Pa. 2007) (internal

10  quotations omitted); *see also Evancho v. Sanofi-Aventis U.S., Inc.*, 2007 WL 4546100

11  (D.N.J. 2007) (same).  Second, using state law to obtain additional remedies, such as

12  A.R.S. § 23-355's treble damages or ORS § 652.150's waiting-time penalties, undermines

13  and disrupts the FLSA's carefully crafted remedial scheme.  These clear and significant

14  "obstacle[s] to the accomplishment and execution of the full purpose and objectives of

15  Congress" demonstrate that Plaintiff's state-law claims are preempted.  *Indust. Truck Ass'n,*

16  *Inc. v. Henry*, 125 F.3d 1305, 1309 (9th Cir. 1997) (internal citation omitted); U.S. Const.,

17  Art. VI (Supremacy Clause).

18  **1.    Plaintiff Impermissibly Seeks An Opt-Out Class.**

19  In the FLSA, Congress set forth specific, unique class procedures requiring that each

20  plaintiff affirmatively "give[] his consent in writing" to join an FLSA class.  29 U.S.C.

21  § 216(b).  Congress intended this opt-in requirement to protect employers from a "vast

22  flood of [FLSA] litigation," *Ellis*, 527 F. Supp. 2d at 447, and to "protect[] employees . . .

23  from having their FLSA rights adjudicated without their knowledge."  *Woodard v. FedEx*

24  *Freight East, Inc.*, 250 F.R.D. 178, 185 & 188 (M.D. Pa. 2008).  To avoid frustrating these

25  purposes, courts have refused to permit plaintiffs to "circumvent the [FLSA's] opt-in

26  _____

27  [10]  The FLSA requires plaintiffs to opt in to a class by affirmatively "giv[ing] . . . consent in writing" to become a plaintiff.  29 U.S.C. § 216(b).  By contrast, Fed. R. Civ. P. 23

28  provides for "opt-out" classes, in which all class members are automatically included in the class unless they affirmatively opt out of it.

1  requirement and bring unnamed parties into federal court by calling upon state statutes

2  similar to the FLSA." *Evancho*, 2007 WL 4546100 *5 (internal quotations omitted).

3  Indeed, there would be no point in Congress requiring plaintiffs to "opt in" to the FLSA if

4  plaintiffs could evade that requirement by using Rule 23 and state law to smuggle in an

5  unauthorized "opt-out" class.

6      Here, Plaintiff seeks to do precisely that, by asserting a Rule 23 "opt-out" class under

7  state laws that simply copy or piggyback off of the FLSA's overtime provisions.  Arizona,

8  for instance, has no overtime requirement of its own, but simply provides for treble

9  damages if employers fail to pay "wages."  Ariz. Rev. Stat. §§ 23-351, 23-355.  Similarly,

10  Plaintiff's Oregon-law claim copies the FLSA's substantive time-and-a-half and forty-hour

11  requirements.  ORS § 653.261; O.A.R. § 839-020-0030.  Because permitting Plaintiff to

12  assert these FLSA-equivalent claims through a Rule 23 class would nullify Congress's

13  intent in enacting the FLSA's opt-in requirement, such claims are preempted and should be

14  stricken by this Court.

15      **2.      Plaintiff Seeks Remedies That Would Disrupt the FLSA's**

16          **Comprehensive Remedial Scheme.**

17      Plaintiff also seeks to disrupt the FLSA's carefully calibrated scheme of remedies by

18  seeking additional state-law penalties not provided for by the FLSA.  Congress designed

19  the FLSA to include a detailed and specific panoply of remedies, including "criminal

20  penalties for willful violations; [enforcement actions by] the Secretary of Labor . . .[,]

21  liquidated damages, and injunctive relief; and [private actions by] workers."  *Anderson v.*

22  *Sara Lee Corp.*, 508 F.3d 181, 192 (4th Cir. 2007) (citing 29 U.S.C. §§ 215–17).  This

23  scheme strikes a careful balance between ensuring adequate wages for employees and

24  protecting employers from catastrophic and potentially unwarranted liability.  *De Asencio*

25  *v. Tyson Foods, Inc.*, 342 F.3d 301, 306 (3d Cir. 2003).

26      Because the carefully crafted nature of the FLSA's remedial scheme indicates a

27  congressional intent that those remedies be exclusive, plaintiffs "cannot circumvent the

28  [FLSA's] exclusive remedy . . . by asserting equivalent state claims in addition to the FLSA

1   claim." *Roman v. Maietta Construction, Inc.*, 147 F.3d 71, 76 (1st Cir. 1998).  In *Roman*,

2   the First Circuit applied this rule to preclude the plaintiff from obtaining damages under

3   Maine's FLSA-equivalent overtime law.  147 F.3d 71, 76 (1st Cir. 1998).[11]  Similarly, in

4   *Anderson*, the Fourth Circuit held that the FLSA preempted state-law claims that

5   "depend[ed] on establishing that [defendant] violated the FLSA," but would provide "more

6   generous" remedies, including punitive damages.  *Anderson*, 508 F.3d at 192-93.  The

7   Ninth Circuit has similarly explained that "[c]laims that are directly covered by the FLSA

8   (such as overtime . . . disputes) must be brought under the FLSA."  *Williamson v. General*

9   *Dynamics Corp.*, 208 F.3d 1144, 1154 (9th Cir. 2000).[12]  *See also Flores v. Albertson's,*

10  *Inc.*, 2003 WL 24216269, at *6 (C.D. Cal. Dec. 9, 2003) ("[t]he exclusive remedy for

11  [conduct prohibited by the FLSA] is the FLSA."); *Nimmons v. RBC Ins. Holdings (USA)*

12  *Inc.*, 2007 WL 4571179, at *1-2 (D.S.C. Dec. 27, 2007); *Frey v. Spokane County Fire Dist.*

13  *No. 8*, 2006 WL 2597956, at *11 (E.D. Wash. Sept. 11, 2006); *Moeck v. Gray Supply*

14  *Corp.*, 2006 WL 42368, at *2 (D.N.J. Jan. 6, 2006).

15       Here, Plaintiff seeks to refashion the FLSA's comprehensive remedial scheme by

16  piling on additional remedies that Congress did not intend it to include.  Her Arizona-law

17  claim would add otherwise-unavailable treble damages, while her Oregon-law claim would

18  yield thirty days' wages worth of waiting-time penalties.  A.R.S. § 23-351; ORS § 652.150.

19  Permitting Plaintiff to obtain these non-FLSA remedies, for FLSA-equivalent claims,

20  would completely undermine Congress's work.  Such overreaching should not be permitted

21  by this Court, because "[i]t would be difficult . . . to find any purpose in [Congress's]

22  careful process if alternative remedies, varying with variations of state law[,] were also to

23

---

24   [11] Plaintiff misleadingly characterizes *Roman* as "suggest[ing] a different result may have
         occurred if the plaintiff had raised a claim under" Maine's pay-period statute.  Opp. to
25       Mtn. to Dismiss at 12; Docket No. 75.  *Roman* neither says nor implies any such thing;
         instead, it simply states that no such claim was raised.  *Roman*, 147 F.3d at 76.
26
     [12] Although the FLSA did not preempt the *Williamson* plaintiff's claims for "career fraud,"
27       this was only because those claims did not address the same type of conduct as the
         FLSA did and thus were not "directly covered by" the FLSA's provisions.  208 F.3d at
28       1154.

2219594.1/12444.041

1    be available in any [FLSA] case in which the alternative seemed more advantageous to the

2    plaintiff-employee." *Lerwill v. Inflight Motion Pictures, Inc.*, 343 F. Supp. 1027, 1029

3    (N.D. Cal. 1972).[13]

4    **C.    Plaintiff's Extraterritorial Arizona-Law Claim Should Be Dismissed Or**

5         **Stricken.**

6         This Court should reject Plaintiff's unprecedented and dubious attempt at extending

7    Arizona law beyond the borders of this State to seek treble damages on behalf of a

8    *nationwide* class of employees, many of whom have never set foot (let alone worked) in

9    Arizona.

10         **1.      Plaintiff Does Not Qualify As An "Employee" Under A.R.S. § 23-350.**

11         As an Oregon citizen who worked, lived, and still lives in Oregon, FAC ¶¶ 7, 55,

12    Plaintiff fails to satisfy the Arizona Wage Act's definition of an "employee" – *i.e.*, a person

13    who "performs services for an employer under a contract of employment either":  (1) made

14    in this state" or (2) "to be performed wholly or partly within this state."  A.R.S. § 23-350.

15         First, Plaintiff fails to adequately allege that the contract was "made" in Arizona.

16    Indeed, the only facts she submits regarding her legal conclusion to that effect, FAC ¶ 48,

17    suggest that Plaintiff accepted, signed, and mailed her employment contract from *Oregon*.

18    *See* Docket No. 77 (Colson Decl., Exh. A).[14]  Under Arizona law, a contract is "made"

19    where "the last act necessary for its formation is done."  *Ryan v. Indust. Comm'n of*

20    *Arizona*, 127 Ariz. 607, 609 (Ariz. App. 1981); A.R.S. § 23-350.  And, where a contract is

21

---

22   [13]  The FLSA's "savings clause," 29 U.S.C. § 218, certainly does not suggest otherwise, as

23      it only authorizes state laws with a higher "minimum wage" or lower "maximum
     workweek" than the FLSA has.  29 U.S.C. § 218.  Here, neither Plaintiff's Arizona

24      claim nor her Oregon claim provides a different "minimum wage" or "maximum

25      workweek" than does the FLSA.
  [14]  Nothing in Plaintiff's Complaint suggests that Plaintiff did anything other than mail the

26      letter back to Arizona, and there is no reason to believe otherwise.  Docket No. 77
     (Colson Decl., Exh. A).  Indeed, by mailing Plaintiff the offer letter, Avnet invited her

27      to send her acceptance back by mail.  *See id.*; *In re Marriage of Reich*, 32 P.3d 904, 909
     (Or. App. 2001) (offer sent by mail "invited [the offeree] to communicate her

28      acceptance by mail.").

1   negotiated by mail, "the place of the contract is the place *where the reply is mailed*,"  2

2   Williston on Contracts, § 6.62 (4th ed. 2009) (emphasis added).  *See also* Restatement

3   (Second) of Contracts, § 63 (comment a) ("[A]cceptance takes effect on dispatch.").[15]  In

4   *Cohen v. First National Bank*, 22 Ariz. 394, 400 (1921), for example, the Arizona Supreme

5   Court held that the plaintiff's "transaction was closed" "when the bank mailed [a] notice

6   and deposit slip."  Similarly, in *Filson v. Bell Telephone Labs, Inc.*, 186 A.2d 320, 325

7   (N.J. Co. 1962), the court held that plaintiff's contract was "made" in New Jersey where the

8   employer mailed the last letter *from New Jersey* to California.  *See also Cayuga*

9   *Construction Co. v. Vanco Engineering Co.*, 423 F. Supp. 1182, 1184 (W.D. Pa. 1976)

10   (letter sent from New York "makes New York the place of contract"); *In re Marriage of*

11   *Reich*, 32 P.3d 904, 909 (Or. App. 2001).  These cases make clear that, because the "last

12   act" necessary to secure Plaintiff's employment was Plaintiff mailing back an "offer letter"

13   to Avnet *from Oregon,* Docket No. 77, Exh. A, her contract was "made in" *Oregon* rather

14   than Arizona.

15           **2.      Plaintiff Did Not "Perform" Any Employment Contract In Arizona.**

16           Second, Plaintiff also cannot legitimately allege that she "performed [her contract]

17   wholly or partly" in Arizona, A.R.S. § 23-350, because she worked only in Oregon.  FAC

18   ¶ 55 ("At all times relevant to this action, Plaintiff was employed by Defendant . . . within

19   the State of Oregon").  Plaintiff's vague assertion that she and other SMRs "performed

20   [work] in Arizona," FAC ¶¶ 48-49, is nothing more than a bare and unsupported legal

21   conclusion.  Moreover, it is flatly contradicted by Plaintiff's own "offer letter" from Avnet

22   (submitted to this Court by Plaintiff herself) which states that Plaintiff was employed "in

23   *Beaverton, OR*." Docket No. 77 (Colson Decl.) Exh. A, at 1 (emphasis added)).  Similarly,

24   Plaintiff's assertion that other SMRs "performed work" in Arizona is belied by her

25   statement that many of these SMRs worked *not* in Arizona, but in "Washington, California

26

27   ───────────────

      [15] The same rule applies to contracts sent by FedEx or other carriers.  2 WILLISTON ON

28   CONTRACTS, § 6.37;  *Norkunas v. Cochran*, 895 A.2d 1101, 1109 (Md. App. 2006)
      (quoting WILLISTON).

1    . . . Minnesota, Florida, New York, and New Jersey."  Docket No. 77 (Colson Decl.,

2    (5/29/09)), ¶ 5.  Against the backdrop of her own contrary statements, Plaintiff's

3    conclusory allegations of work "performed" in Arizona are even more clearly insufficient.

4    *Iqbal*, 129 S.Ct. at 1940.

5         Plaintiff's only allegation that she ever even set foot in Arizona is her contention that

6    she spent five days there on one occasion within the first month of her employment to

7    attend "training," which she couples with a contention that she later placed phone calls and

8    sent emails to co-workers in Arizona.  Opp. to Mtn. to Dismiss, at 14; Docket No. 24.

9    Notably, none of these allegations appears anywhere in Plaintiff's Complaint – they are

10   mentioned only in her (since-withdrawn) Opposition to Avnet's Motion to Dismiss/Strike

11   her Original Complaint.  Nor does Plaintiff allege, anywhere, that any such "training,"

12   emails, or phone calls were completed by any other SMRs besides herself.  These

13   allegations thus clearly cannot support Plaintiff's or any other SMR's claim of "employee"

14   status under A.R.S. § 23-350.

15        Moreover, the Arizona Legislature could not possibly have intended that merely

16   visiting Arizona for a few days of "training" within the first month of employment could

17   entitle an out-of-state employee to the full protections of Arizona's wage law.[16]  As the

18   Arizona Supreme Court has held, "[s]tatutory enactments are presumed to be confined to

19   operation *within the state* in the absence of an express statement to the contrary."  *Desert*

20   *Wide Cabling & Installation, Inc. v. Wells Fargo & Co.*, 191 Ariz. 516, 517 (1998)

21   (emphasis added).  This presumption is reflected in the Wage Act's purpose of protecting

22   Arizona "*citizens*."  *City of Glendale v. Coquat*, 46 Ariz. 478, 483 (1935) (emphasis added).

23   *See also Collins v. Am. Buslines, Inc.*, 286 P.2d 214, 228-29 (Ariz. 1955), *rev'd on other*

24   *grounds*, 350 U.S. 528 (1956) (analogous workers' compensation statute intended to protect

25

26

27

28

---

[16] Even assuming Plaintiff's "training" made her an "employee" for those five days, any
claim based on such status would plainly be time-barred under Arizona's one-year
statute of limitations,  A.R.S. § 12-541, because Plaintiff admits her employment began
in February 2006.  Docket No. 20 (Colson Decl., ¶ 2); *Redhair v. Kinerk, Beal,*
*Schmidt, Dyer & Sethi*, 218 Ariz. 293, 300 (2008) (applying A.R.S. § 12-541 to wage
claim under A.R.S. § 23-355).

1   only Arizona residents).  Merely visiting a State for work, even coupled with regular phone

2   calls to the State, plainly does not constitute partial "performance" of an employment

3   contract within that State.  *See, e.g., Panos v. Timco Engine Center, Inc.*, 2009 WL

4   1658416 (N.C. App. June 16, 2009) (traveling eight to nine times per year to North

5   Carolina, and making daily phone calls into the State, did not trigger North Carolina's wage

6   law); *Pelican State Phys. Therapy, LP v. Bratton*, 2007 WL 2833303 (Tex. App. Sept. 27,

7   2007) (no personal jurisdiction over employee who merely attended two days of training in

8   Texas and later traveled there for work).

9        Extending Arizona's wage law nationwide also would raise constitutional concerns

10  by interfering with other States' "fundamental police power to safeguard the welfare of

11  [their] citizens."  *South Ridge Baptist Church v. Industrial Com'n of Ohio*, 911 F.2d 1203,

12  1208 (6th Cir. 1990).  *See also State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408,

13  422 (2003) ("A basic principle of federalism is that each State may make its own reasoned

14  judgment about what conduct is permitted or proscribed within its borders.")  For example,

15  Arizona's requirement of sixteen-day pay periods, A.R.S. § 23-351(A), conflicts with

16  Oregon's rule that employees may agree to pay periods of different length, ORS § 652.120.

17  Similarly, Arizona's pay-on-termination provision, A.R.S. § 23-353, requires payment

18  within three days of termination, whereas Washington requires such payment "at the end of

19  the established pay period."  RCWA § 49.48.010.  Arizona's provision permitting

20  employers to withhold wages based on a "good faith dispute" as to the amount due, A.R.S.

21  § 23-352, conflicts with Washington's rule forbidding such withholding except where

22  authorized by law, with the employee's consent, or for medical reasons.  RCWA

23  § 49.48.010.  Forcing employers to navigate this thicket of laws would unduly interfere

24  with interstate commerce, violating the Commerce Clause's "prohibit[ion on] [States] . . .

25  regulating the working conditions of . . .  non-resident[s] who perform[] work and earn[]

26  wages outside of the state."  *Mitchell v. Abercrombie & Fitch*, 2005 WL 1159412, at *3

27  (S.D. Ohio, May 17, 2005); *see also National Collegiate Athletic Ass'n v. Miller*, 10 F.3d

28  633, 639-40 (9th Cir. 1993).

- 16 -

1  "If one [possible interpretation of a statute] would raise a multitude of constitutional

2  problems, the other should prevail." *Clark v. Martinez*, 543 U.S. 371, 380-81 (2005).  To

3  avoid these constitutional concerns and conflicts of laws, this Court should construe

4  Section 23-350 as not extending to non-Arizonans who live and work in other States.[17]

5  **D.   Plaintiff Lacks Standing To Pursue Injunctive Relief.**

6       Plaintiff's request for injunctive relief also should be stricken, because "the right to

7  bring an action for injunctive relief under the [FLSA] rests exclusively with the United

8  States Secretary of Labor," and not with private plaintiffs.  *Powell v. Florida*, 132 F.3d 677,

9  678 (11th Cir. 1998); 29 U.S.C. §§ 211, 216(b).  Moreover Plaintiff, as a *former* employee,

10  lacks standing to seek an injunction on behalf of *current* employees.  *City of Los Angeles v.*

11  *Lyons*, 461 U.S. 95, 104-05 (1983); *Lanzarone v. Guardsmark Holdings, Inc.*, 2006 WL

12  4393465, at *3 (C.D. Cal. Sept. 7, 2006).

13                    **V.     CONCLUSION**

14       For the foregoing reasons, Avnet respectfully requests dismissal of Plaintiff's

15  conclusory and vaguely pleaded Complaint under Fed. R. Civ. P. 8, *Twombly* and *Iqbal*.

16  Alternatively, and for the reasons discussed above, Avnet asks this Court to strike and/or

17  dismiss Plaintiff's unascertainable class definition, Plaintiff's overreaching state-law

18  claims, and Plaintiff's impermissible request for injunctive relief under the FLSA.[18]

19  DATED: July 23, 2009                    Respectfully submitted,

20                                          GIBSON, DUNN & CRUTCHER LLP

21                                          FENNEMORE CRAIG, P.C.

22                                          By: _____/s/ Julian W. Poon_____

23                                                    Julian W. Poon
                                            Attorneys for Defendant Avnet, Inc.

24  _____

25  [17] Moreover, because the Arizona-law provisions invoked by Plaintiff also authorize
     criminal penalties, A.R.S. 23-351(F), imposing such liability on Avnet without prior

26  warning that it could be punished under Arizona law would violate the Due Process
     Clause.  *See, e.g., Landgraf v. USI Film Prods.*, 511 U.S. 244, 281 (1994); *Harris v.*

27  *Mexican Specialty Foods, Inc.*, 564 F.3d 1301, 1304 (11th Cir. 2009) ("When a damages

28  award is punitive in nature, it is subject to constitutional excessiveness review.")
     [18] Avnet also requests attorneys' fees under A.R.S. § 12-341.01.

1

2

**CERTIFICATE OF SERVICE**

3

☒        I hereby certify that on July 23, 2009, I electronically transmitted the attached

4

document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice
of Electronic Filing to the following CM/ECF registrants:

5

6

Susan Martin
Daniel Bonnett

7

Jennifer Kroll
Martin & Bonnett, PLLC

8

1850 N. Central Avenue, Suite 2010
Phoenix, AZ  85004

9

10

Joel Christiansen (*Pro Hac Vice*)
Christiansen Law

11

520 SW Sixth Avenue, Suite 1250
Portland, Oregon 97209

12

/s/  *Jill Wilson*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 18 -