FENNEMORE CRAIG, P.C.
Janice Procter-Murphy (No. 013078)
Jessica L. Catlett (No. 024790)
3003 North Central Avenue, Suite 2600
Phoenix, AZ  85012-2913
Telephone:  (602) 916-5000
Fax:  (602) 916-5999
Email:  jpmurphy@fclaw.com
Email:  jcatlett@fclaw.com

GIBSON, DUNN & CRUTCHER LLP
Eugene Scalia (CA Bar No. 151540)*
Julian W. Poon (CA Bar No. 219843)*
Jesse A. Cripps, Jr. (CA Bar No. 222285)*
Margaret A. Farrand (CA Bar No. 235295)*
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  (213) 229-7000
Fax:  (213) 229-7520
Email:  escalia@gibsondunn.com
Email:  jpoon@gibsondunn.com
Email:  jcripps@gibsondunn.com
Email:  mfarrand@gibsondunn.com
*Admitted Pro Hac Vice

Attorneys for Defendant Avnet, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| MICHELLE COLSON, on behalf of herself and all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>AVNET, INC.,<br><br>          Defendant. | **CASE NO.  2:09-cv-00603-PHX-MHM**<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), AND STRIKE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f)**<br><br>ORAL ARGUMENT REQUESTED |

1

# TABLE OF CONTENTS

2

Page

3  I.     INTRODUCTION ....................................................................................1

4  II.    PLAINTIFF FAILS TO ALLEGE SUFFICIENT FACTS TO MAKE HER
5         MISCLASSIFICATION CLAIMS PLAUSIBLE....................................1

6         A.    Plaintiff Fails To Adequately Allege Her Overtime Claims. ......................1

7         B.    Plaintiff's "Affirmative Defense" Argument Fails. ...................................3

8         C.    Plaintiff's "Similarly Situated" Allegations Are Unacceptably
9               Vague. ........................................................................................5

10        D.    Plaintiff Fails To Adequately Allege That Avnet Acted Willfully. ..............6

11 III.   ARIZONA'S WAGE ACT DOES NOT APPLY
         EXTRATERRITORIALLY .....................................................................7

12 IV.    THE FLSA PREEMPTS PLAINTIFF'S STATE-LAW CLAIMS........................8

13 V.     PLAINTIFF LACKS STANDING TO SEEK INJUNCTIVE RELIEF................11

14 VI.    CONCLUSION.........................................................................................11

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Anderson v. Sara Lee Corp.*,
508 F.3d 181 (4th Cir. 2007) ............................................................................. 9, 10

*Ashcroft v. Iqbal*,
129 S.Ct 1939 (2009)................................................................................. 1, 3, 4, 5, 6

*Baas v. Dollar Tree Stores, Inc.*,
2007 WL 2462150 (N.D. Cal. Aug. 29, 2007) .......................................................... 10

*Bamonte v. City of Mesa*,
2007 WL 2022011 (D. Ariz. July 10, 2007)................................................................ 10

*Barnett v. Washington Mutual*,
2004 WL 2011462 (N.D. Cal. Sept. 9, 2000) ............................................................. 10

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) .............................................................................................. 1, 2, 5

*Blausey v. U.S. Trustee*,
552 F.3d 1124 (9th Cir. 2009)..................................................................................... 10

*Breeden v. Benchmark Lending Gp., Inc.*,
229 F.R.D. 623 (N.D. Cal. 2005) ................................................................................ 10

*Burgess v. Catawba Cty.*,
805 F. Supp. 341 (W.D.N.C. 1992) ............................................................................... 6

*City of Los Angeles v. Lyons*,
461 U.S. 95 (1983) ........................................................................................................ 11

*Clark v. Martinez*,
543 U.S. 371 (2005) ....................................................................................................... 8

*Cohen v. First Nat'l Bank*,
22 Ariz. 394 (1921) ........................................................................................................ 7

*Dager v. City of Phoenix*,
2006 U.S. Dist. LEXIS 91336 (D. Ariz. Dec. 15, 2006)................................................ 6

*Ellis v. Edward D. Jones & Co., LP*,
527 F. Supp. 2d 439 (W.D. Pa. 2007) ........................................................................... 9

*Ellison v. Autozone, Inc.*,
2007 WL 2701923 (N.D. Cal. Sept. 13, 2007) .............................................................. 10

*Gravquick A/S v. Trimble Navig. Intern., Ltd.*,
323 F.3d 1219 (9th Cir. 2003)........................................................................................ 8

*In re Farmers Ins. Exch.*,
481 F.3d 1119 (9th Cir. 2007).......................................................................................... 2

# TABLE OF AUTHORITIES
## [Continued]

Page(s)

*In re Marriage of Reich,*
  32 P.3d 904 (Or. App. 2001)..................................................................7

*In re Wellbutrin WL Antitrust Litig.,*
  2009 WL 2356864 (E.D. Pa. July 30, 2009) ...........................................8

*In re Wells Fargo Home Mortgage Overtime Pay Litigation,*
  571 F. 3d 953 (9th Cir. 2009) ...........................................................6, 10

*Kentucky Associated General Contractors v. Tri-State Crane Rental, Inc.,*
  240 S.W. 3d 644 (Ky. App. 2007) ...........................................................8

*LaChappelle v. Berkshire Life Ins. Co.,*
  142 F.3d 507 (1st Cir. 1998)....................................................................4

*Lehman v. Legg Mason, Inc.,*
  532 F. Supp. 2d 726 (M.D. Pa. 2007) ....................................................10

*Manzarek v. St. Paul Fire & Marine Ins. Co.,*
  519 F.3d 1025 (9th Cir. 2008)................................................................11

*Martin v. Cooper Electric Supply Co.,*
  940 F.2d 896 (3d Cir. 1991)....................................................................2

*McLaughlin v. Richland Shoe Co.,*
  486 U.S. 128 (1998) ................................................................................6

*Muhammed v. Oliver,*
  547 F.3d 874 (7th Cir. 2008) ..................................................................4

*Panos v. Timco Engine Center, Inc.,*
  2009 WL 1658416 (N.C. App. June 16, 2009)........................................8

*Pelican State Phys. Therapy, LP v. Bratton,*
  2007 WL 2833303 (Tex. App. Sept. 27, 2007) ........................................8

*Perez v. Time Moving Storage, Inc.,*
  2009 U.S. Dist. LEXIS 17065 (S.D.N.Y. Jan. 16, 2009) .....................4, 5

*Peterson v. Kennedy,*
  771 F.2d 1244 (9th Cir. 1985)..................................................................8

*Powell v. Florida,*
  132 F.3d 677 (11th Cir. 1998)................................................................11

*Puleo v. SMG Property Management, Inc.,*
  2008 WL 3889727 (M.D. Fla. Aug. 20, 2008) ........................................5

*Ramirez v. RDO-BOS Farms, LLC,*
  2007 WL 273604 (D. Or. Jan. 23, 2007)................................................10

# TABLE OF AUTHORITIES
### [Continued]

Page(s)

*Reich v. John Alden Life Ins. Corp.*,
126 F.3d 1 (1st Cir. 1997) .................................................................................... 2

*Reyes v. Hollywood Network, Inc.*,
360 F. Supp. 2d 1288 (S.D. Fla. 2005) ............................................................... 3

*Richardson Construction, Inc. v. Clark Cty. Sch. Dist.*,
223 Fed. Appx. 731 (9th Cir. 2007) ..................................................................... 4

*Roman v. Maietta Construc., Inc.*,
147 F.3d 71 (1st Cir. 1998) .......................................................................... 10, 11

*Romero v. Producers Dairy Foods, Inc.*,
235 F.R.D. 474 (E.D. Cal. April 19, 2006) ......................................................... 10

*Ryan v. Industrial Comm'n of Arizona*,
127 Ariz. 607 (Ariz. App. 1981) ......................................................................... 7

*Schneidewind v. ANR Pipeline Co.*,
485 U.S. 293 (1988) ............................................................................................. 9

*Schwind v. EW & Assocs., Inc.*,
357 F. Supp. 2d 691 (S.D.N.Y. 2005) .................................................................. 3

*Sjoblom v. Charter Communs., LLC*,
2007 WL 4560541 (W.D. Wis. Dec. 19, 2007) .................................................. 10

*Steward v. Atlantic Nat'l Bank of Boston*,
27 F.2d 224 (9th Cir. 1928) ................................................................................ 7

*Tomlinson v. Indymac Bank, F.S.B.*,
359 F. Supp. 2d 898 (2005) ................................................................................ 10

*Uribe v. Mainland Nursery, Inc.*,
2007 WL 4356609 (E.D. Cal. Dec. 11, 2007) ..................................................... 5

*Vinole v. Countrywide Home Loans, Inc.*,
571 F.3d 935 (9th Cir. 2009) .............................................................................. 6

*Williamson v. General Dynamics Corporation*,
208 F.3d 1144 (9th Cir. 2000) ..................................................................... 10, 11

*Wilshin v. Allstate Ins. Co.*,
212 F. Supp. 2d 1360 (M.D. Ga. 2002) ............................................................... 3

*Woodard v. FedEx Freight East, Inc.*,
250 F.R.D. 178 (M.D. Penn. 2008) ..................................................................... 9

*Xavier v. Belfor USA Group, Inc.*,
2009 WL 411559 (E.D. La. Feb. 13, 2009) ........................................................ 5

**TABLE OF AUTHORITIES**
**[Continued]**

Page(s)

*Yeibyo v. E-Park of DC, Inc.,*
  2008 U.S. Dist. LEXIS 4988 (D. Md. Jan. 18, 2008) ................................................. 8

**STATUTES**

29 U.S.C. § 218 ............................................................................................................. 10

A.R.S. § 12-541 ............................................................................................................... 7

A.R.S. § 23-350 ............................................................................................................... 7

**REGULATIONS**

29 C.F.R. § 541.200 ......................................................................................................... 1

29 C.F.R. § 541.201 ...................................................................................................... 2, 3

29 C.F.R. § 541.202 ......................................................................................................... 1

29 C.F.R. § 541.203 ......................................................................................................... 3

29 C.F.R. § 541.205 ......................................................................................................... 2

29 C.F.R. § 541.700 ..................................................................................................... 1, 6

1

2
## I.  INTRODUCTION

3
After nearly five months and two attempts to properly allege her claims, Plaintiff still

4
cannot muster anything but a single, largely conclusory paragraph describing her "actual

5
job duties" in her First Amended Complaint—and the duties she describes could just as eas-

6
ily be exempt as non-exempt.  Her class allegations, preempted state-law claims, and im-

7
permissible nationwide extension of Arizona law fare no better.  Plaintiff's Complaint

should therefore be dismissed with prejudice.

8

9
## II.  PLAINTIFF FAILS TO ALLEGE SUFFICIENT FACTS TO MAKE HER MISCLASSIFICATION CLAIMS PLAUSIBLE

10
### A.  Plaintiff Fails To Adequately Allege Her Overtime Claims.

11
To state a claim for relief, a plaintiff must allege at least enough facts to create "more

12
than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct

13
1939, 1949 (2009).  Otherwise plaintiffs, especially in large putative class actions, could

14
leverage "the threat of discovery expense" to extract settlements from defendants based on

15
insubstantial and "anemic" allegations such as the ones pleaded here. *Bell Atlantic Corp. v.*

16
*Twombly*, 550 U.S. 544, 559 (2007).  Plaintiff's First Amended Complaint ("Complaint" or

17
"FAC") falls far short of this pleading threshold, relying almost completely on "formulaic

18
recitation[s]" of legal standards that parrot, nearly verbatim, the wording of FLSA regula-

19
tions. *Iqbal*, 129 S.Ct. at 1949; Avnet's Motion to Dismiss Plaintiff's Amended Complaint

20
("MTD"), at 5.[1]

21
When these legal conclusions are stripped away, Plaintiff's only remaining allega-

22
tions are her vague assertion that SMRs "produce sales," and an incomplete "part[ial]" list

23
of job duties.  FAC ¶¶ 26, 27.  Although Plaintiff correctly acknowledges that titles and "la-

24
bels" are insufficient to establish the exempt status of an employee, Opposition to Motion

25

26
[1] "Primary duty," "management or general business operations," and "discretion and inde-
pendent judgment," which Plaintiff mischaracterizes as "factual allegations," Opp. at 1:10-

27
12, are actually conclusory legal terms pulled directly from the Labor Department regula-
tions. *See* 29 C.F.R. §§ 541.200(a)(2), 541.202(b), 541.700(a)-(b).

28

to Dismiss ("Opp.") at 8, she repeatedly relies on labels such as "inside sales" and "produc[ing] sales" to describe her work.  *See* FAC ¶ 26.  These labels reveal little, if anything, of substance about whether Plaintiff is or is not exempt, as "sales" employees are fully capable of qualifying for the administrative exemption.  (See cases cited at MTD p.7.)[2]  Even Plaintiff admits as much.  *See* Opp. at 7:4 (acknowledging exempt nature of "general sales promotion"); 10:9-10 (same for "major administrative *sales* activities") (emphasis added).[3]

Plaintiff's alleged "job responsibilities" are relegated to a single paragraph in her Complaint (FAC ¶ 27) that falls far short of "show[ing]" it is "plausib[le]," *Twombly*, 550 U.S. at 546, rather than merely "possib[le]," *id.*, that she and others are supposedly non-exempt from the FLSA's overtime requirements.  Opp. at 6:23.  Each duty is listed below.

- Meetings:  The fact that Plaintiff attended "meetings" fails to indicate non-exempt status, because both exempt and non-exempt employees can attend sales meetings.  *See, e.g., Reich v. John Alden Life Ins. Corp.*, 126 F.3d 1, 4 (1st Cir. 1997) (exempt employees attended "sales meetings").[4]

---

[2]  Plaintiff mistakenly relies on *Martin v. Cooper Electric Supply Co.*, 940 F.2d 896 (3d Cir. 1991), and a January 16, 2009 DOL Opinion Letter, in suggesting that sales employees are per se non-exempt.  Opp. at 7.  The 1991 *Cooper Electric* decision is based on the outdated "administrative/production worker dichotomy," which is part of a regulation that was fundamentally altered in 2004 and is now de-emphasized by the Ninth Circuit.  *E.g.*, *In re Farmers Ins. Exch.*, 481 F.3d 1119, 1132 (9th Cir. 2007); *Cooper*, 940 F.2d at 903; 29 C.F.R. § 541.205(a) (superseded 2004).  *Compare* 29 C.F.R. § 541.201 (current) (de-emphasizing administration-production dichotomy, and distinguishing instead between administrative work and "working on a *manufacturing production line* or selling a product in a retail or service establishment") (emphasis added).  Also, according to the very DOL Opinion Letter cited by Plaintiff, sales employees *can* fall within the administrative exemption when they also perform other administrative duties.  *See* DOL Op. Letter at 6.

[3]  Plaintiff's allegation that SMRs' "success and compensation depends on selling the highest number of products at the highest possible markup," FAC ¶ 26, is also irrelevant, as it reveals nothing of substance regarding Plaintiff's or other SMRs' actual job duties.

[4]  Plaintiff erroneously attempts to distinguish *John Alden* on the basis that the marketing representatives in that case supposedly "did not sell any products or services to any customer."  Opp. at 7 n.2.  In fact, their primary duty did entail "selling" insurance products to intermediary agents.  *John Alden*, 126 F.3d at 4.  Plaintiff's statement that "[t]his is not the time to weigh the evidence," Opp. at 7 n.2, also falls wide of the mark, because Avnet is not asking the Court to "weigh the evidence," but simply to determine whether Plaintiff has adequately pleaded her misclassification claim.

- Communication With Customers:  This, too, reveals nothing about Plaintiff's exempt or non-exempt status.  Indeed, the regulations define "advising the customer," and using communications with customers to "market[], servic[e] or promot[e] the employer's . . . products," as exempt work.  29 C.F.R § 541.203(b); *see also* 29 C.F.R. § 541.203(a).

- Preparing Quotes:  If anything, this duty actually suggests that Plaintiff *was* engaged in exempt work.  *See* Docket No. 25 (Exh. 1 to Exh. A) (DOL Stipulation ("DOL Stip.") ¶ 3 (describing exempt tasks of an SMR to include "[q]uot[ing] all product lines as required by customer needs" and "negotiat[ing] all such services and costs with the customer in an effort to secure an order"); *Schwind v. EW & Assocs., Inc.*, 357 F. Supp. 2d 691, 694 (S.D.N.Y. 2005) (duties of exempt "salesperson" included preparing "sales proposals and contracts"); *Reyes v. Hollywood Network, Inc.*, 360 F. Supp. 2d 1288, 1291 (S.D. Fla. 2005) (duties of exempt employee included preparation of "bids" for customers); 29 C.F.R. § 541.203(a) ("negotiating" constitutes exempt work); *Wilshin v. Allstate Ins. Co.*, 212 F. Supp. 2d 1360, 1379-80 (M.D. Ga. 2002) (duties of exempt employee included providing quotes to customers).

- Creating Purchase Orders:  This also could point towards either exempt or non-exempt status, as an individual who prepares purchase orders and has "authority to bind the company on significant purchases generally meet[s] the duties requirements for the administrative exemption. . . ."  29 C.F.R. § 541.203(f).

- Meeting Customer Specifications:  Plaintiff's reference to meeting "customer[s'] specifications," FAC at ¶ 27, is equally inconclusive.  Individuals who assist customers with "purchasing" and "procurement" are engaged in exempt work.  29 C.F.R. § 541.201(b), (c); *see also* DOL Stip. (exempt job description includes "provid[ing] the customer with product availability, product substitution options, and pricing information" and "handling . . . customer requirements"); *see also Schwind*, 357 F. Supp. 2d at 705 (duties of exempt "salesperson" included working "closely with clients in meeting their needs").

Plaintiff need not describe what she did during every "hour" of her job.  Opp. at 10.  But from the allegations in her Complaint, it is just as reasonable to conclude that she was performing non-exempt work as exempt work.  Under *Iqbal*, that is not enough to satisfy Rule 8's notice-pleading standard:  "Where a complaint pleads facts that are '*merely consistent* with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Iqbal*, 129 S.Ct. at 1949 (emphasis added).

**B.   Plaintiff's "Affirmative Defense" Argument Fails.**

Plaintiff attempts to avoid her burden of pleading sufficient facts to make her claims

- 3 -

"plausible"—and seeks to open the floodgates of discovery based on little more than "threadbare" legal conclusions, *Iqbal*, 129 S. Ct. at 1940—by characterizing her exempt/non-exempt status as an "affirmative defense." Opp. at 7. Instead of pleading any real facts as to that crucial issue, Plaintiff resorts to the straw-man argument that requiring her to do so would somehow require her to "negate each and every affirmative defense Defendant might conceivably raise throughout the course of the litigation." *Id.* That is obviously untrue, as Plaintiff's exempt/non-exempt status is the "elephant in the room" expressly put at issue by Plaintiff's Complaint. *See, e.g.*, FAC ¶¶ 1, 24. Having put her exempt/non-exempt status at issue, Plaintiff cannot now avoid pleading facts pertinent to that central issue—especially where her Complaint, and judicially noticeable materials, such as the DOL Stipulation, suggest that she and others may be exempt. "When an affirmative defense is disclosed in the complaint, it provides a proper basis for a Rule 12(b)(6) motion." *Muhammed v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008) (Posner, J.) (dismissal proper where complaint failed to negate res judicata affirmative defense); *see also LaChappelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 509-10 (1st Cir. 1998) (dismissal proper where plaintiff failed to "sketch a factual predicate" to avoid a statute-of-limitations bar); *Richardson Construction, Inc. v. Clark Cty. Sch. Dist.*, 223 Fed. Appx. 731, 733 (9th Cir. 2007) (dismissal proper where amended complaint failed to cure statute-of-limitations defect). Indeed, even Plaintiff admits she must "stat[e] a factual basis that [employees] are engaged in *non-exempt* inside sales activity." Opp. at 8-9 (emphasis added). Her Complaint makes conclusory legal assertions that she performed non-exempt work, reflecting both an awareness that she must plead non-exempt status and an inability to do so, despite two attempts.

Plaintiff also fails to distinguish *Perez v. Time Moving Storage, Inc.*, 2009 U.S. Dist. LEXIS 17065 (S.D.N.Y. Jan. 16, 2009). *Perez* teaches that where a complaint raises the potential applicability of an FLSA exemption, the plaintiff must plead facts showing the exemption does not apply. *See* Opp. at 8 n.3 (acknowledging that *Perez* required the plaintiff to plead facts negating the Motor Carrier Exemption "affirmative defense"). Similarly here, Plaintiff has the burden of alleging facts plausibly indicating that the exemption she

- 4 -

herself has raised does not apply here.  Although *Perez* characterized plaintiffs' complaint as alleging "[n]ot a syllable" about their job duties, the court made clear that the minimum threshold is much higher for what *should* have been pleaded—namely "specific facts about what their job duties are."  *Perez*, 2009 U.S. Dist. LEXIS 17065, at *3.

It is not enough for Plaintiff to simply allege that she worked over forty hours per week and that Defendant was engaged in interstate commerce and failed to pay overtime.  Opp. at 5.  Her Complaint expressly puts the administrative exemption at issue, the U.S. Department of Labor has agreed that that exemption applies, and Plaintiff has now twice failed to plead any facts suggesting otherwise.  Allowing her to proceed past the pleadings stage without any proper factual allegations as to the "elephant in the room" exemption raised by her Complaint, while subjecting Defendant to the crushing burden and cost of na-tionwide class-action discovery, would eviscerate *Twombly*'s and *Iqbal*'s requirement that a plaintiff plead a plausible basis for relief.  *Iqbal*, 129 S.Ct. at 1950.  None of the three cases cited by Plaintiff holds otherwise.  In *Uribe v. Mainland Nursery, Inc.*, 2007 WL 4356609 (E.D. Cal. Dec. 11, 2007), the court held plaintiffs' allegations were adequate precisely be-cause plaintiffs *did* allege sufficient facts to plead around the FLSA's exemption for agri-cultural workers, and, unlike here, nothing in the pleadings suggested otherwise.  *Id.* at *1-2.  In *Puleo v. SMG Property Management, Inc.*, 2008 WL 3889727 (M.D. Fla. Aug. 20, 2008), the court never addressed an argument regarding the manner in which plaintiff pleaded his overtime claim—rather, defendant relied on arguments "*beyond the face of the complaint.*"  *Id.* at *2 (emphasis added).  And in *Xavier v. Belfor USA Group, Inc.*, 2009 WL 411559 (E.D. La. Feb. 13, 2009), the plaintiff did make detailed factual allegations in support of what was contested there—namely, plaintiff's "employee" status.  *Id.* at *5.

**C.  Plaintiff's "Similarly Situated" Allegations Are Unacceptably Vague.**

Plaintiff also fails to adequately plead that she and other employees with the "SMR" title are "similarly situated," because she alleges only the bare conclusion that these em-ployees "performed similar duties, responsibilities, and activities."  FAC ¶¶ 11-12.  No-where does she adequately explain what duties these employees supposedly share, to what

- 5 -

extent they are shared, whether some spent significant amounts of time on other tasks, or even whether they all perform the four tasks listed within her "part[ial]" list of duties.[5] FAC ¶ 27.  *Compare Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 946-47 (9th Cir. 2009); *In re Wells Fargo Home Mortgage Overtime Pay Litig.*, 571 F.3d 953, 959 (9th Cir. 2009).  Her vague reference to employees with "substantially the same duties" as SMRs, FAC ¶ 13, renders her class even more vague and indeterminate.  *See* MTD at 8; *Dager v. City of Phoenix,* 2006 U.S. Dist. LEXIS 91336, at *16-17 (D. Ariz. Dec. 15, 2006).  Plaintiff's straw-man argument about the burden of alleging "detailed facts about each prospective collective action plaintiff's hour-by-hour on-goings at work," Opp. at 10, mischaracterizes Avnet's position.  What Avnet has said, and Rule 8 requires, is that Plaintiff must allege *actual facts* indicating that proposed class members "are actually performing similar duties."  *Wells Fargo*, 571 F.3d at 959.

**D.    Plaintiff Fails To Adequately Allege That Avnet Acted Willfully.**

Plaintiff's bare legal conclusion that Avnet acted "willfully" also does not suffice, as it is not supported by *any* factual allegations.  *Iqbal* specifically holds that a plaintiff cannot simply toss the word "willful" or "intentional," or synonyms therefor, into a complaint and expect to survive a motion to dismiss—rather, she must allege *actual facts* supporting such an accusation.  *Iqbal*, 129 S.Ct. at 1954  ("Rule 8 does not empower [plaintiff] to plead the bare elements of his cause of action, affix the label "general allegation," and expect his complaint to survive a motion to dismiss.").  Yet Plaintiff alleges no such facts here.

Plaintiff does not even allege the correct legal standard for willfulness:  she alleges mere negligence instead of the threshold showing of recklessness required under the FLSA.  *Compare* FAC at ¶¶ 32-33 ("was or should have been aware") *with McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1998) ("knew or showed reckless disregard" standard).  Her allegation that Avnet lacked "good faith," Opp. at 10, is also insufficient, because a defendant's failure to meet the FLSA's "good faith" standard does not mean that it acted "will-

---

[5] *See, e.g.*, 29 C.F.R. § 541.700(a)-(b) (listing the facts and factors relevant to primary duty inquiry, including "the relative importance" of the duties).

1   fully." *E.g.*, *Burgess v. Catawba Cty.*, 805 F. Supp. 341, 351 (W.D.N.C. 1992).[6]

2   **III.     ARIZONA'S WAGE ACT DOES NOT APPLY EXTRATERRITORIALLY**

3           Plaintiff also fails to justify her overreaching attempt at applying the Arizona Wage

4   Act extraterritorially to herself and a nationwide class of SMRs, most of whom have never

5   worked or spent any significant time in this State.  Tellingly, she still fails to allege any

6   facts suggesting that she falls within either prong of A.R.S. § 23-350's definition of "em-

7   ployee"—*i.e.*, that her employment contract was "made" in Arizona, or that it was "to be

8   performed wholly or partly" in Arizona.  A.R.S. § 23-350.  As to the first prong, Plaintiff

9   makes no attempt to explain why the well-known "mailbox rule" does not squarely fore-

10  close her claim that her contract was "made" in Arizona.  The "last act" necessary to form

11  that contract took place in *Oregon* (rather than Arizona), where Plaintiff mailed her signed

12  offer letter back to Avnet.  *See, e.g., Cohen v. First Nat'l Bank*, 22 Ariz. 394, 400 (1921);

13  *In re Marriage of Reich*, 32 P.3d 904, 909 (Or. App. 2001); MTD at 13-14.[7]

14          Plaintiff also fails to satisfy Section 23-350's "to be performed"-in-Arizona prong.

15  "To be performed" requires that the *purpose* of the contract must be for work to be done in

16  Arizona—not merely that incidental activities are performed there.  Here, Plaintiff never al-

17  leges she ever worked for Avnet in Arizona, except for a mere five days of training that

18  were clearly only incidental to the purpose of her contract (which was for her to work in

19  *Oregon*) and, in any event, occurred early in 2006, well beyond the one-year statute of limi-

20  tations.  A.R.S. § 12-541(5).  Instead of alleging that she worked in Arizona, Plaintiff fills

21  her Opposition with irrelevant details such as where Avnet administered its pension plan

22  and where its recruiters answered the phone.  Opp. at 3, 14.  Such details have no bearing

---

24  [6] Finally, Plaintiff fails to dispute, and has thus conceded, that her Oregon-law class claims
    should be dismissed for failure to plead numerosity.  *See* MTD at 8 n.7.

25  [7] Plaintiff's cases are all inapposite, because they involved plaintiffs who *traveled* to the de-
26  fendant's location to execute and return their contracts.  *See Ryan v. Industrial Comm'n of
    Arizona*, 127 Ariz. 607, 609 (Ariz. App. 1981) (employee traveled to Oklahoma); *Steward v.
27  Atlantic Nat'l Bank of Boston*, 27 F.2d 224, 225-27 (9th Cir. 1928) (borrower personally de-
    livered receipts and notes to bank in Arizona).  Here, in contrast, Plaintiff does not deny that
28  she sent her offer letter from Oregon back to Avnet by mail or overnight delivery.

1   on whether she qualifies as an "employee" under A.R.S. § 23-350.  Nor does Plaintiff dis-

2   pute that merely "ma[king] calls and sen[ding] email messages" into a State, or attending a

3   few days of "training" there, Opp. at 3, fails to constitute performance of a contract in that

4   State (or even minimum contacts with it).  *See, e.g.*, *Panos v. Timco Engine Center, Inc.*,

5   2009 WL 1658416 (N.C. App. June 16, 2009); *Pelican State Phys. Therapy, LP v. Bratton*,

6   2007 WL 2833303 (Tex. App. Sept. 27, 2007); *Peterson v. Kennedy*, 771 F.2d 1244, 1261-

7   62 (9th Cir. 1985).  Her reliance on *Kentucky Associated General Contractors v. Tri-State*

8   *Crane Rental, Inc.*, 240 S.W. 3d 644 (Ky. App. 2007), is inapt, because the employee in

9   *Tri-State Crane* actually worked and accepted his employment in defendant's home State.

10        Finally, Plaintiff asks this Court to ignore the serious Due Process and Commerce

11   Clause problems that would result from subjecting Arizona-based employers to claims from

12   employees working in each of the fifty States for treble damages under Arizona's Wage

13   Act.  MTD at 16.  Most of those employees would not even have standing to sue under Ari-

14   zona's Wage Act.  *See, e.g.*, *In re Wellbutrin WL Antitrust Litig.*, 2009 WL 2356864, at *13

15   (E.D. Pa. July 30, 2009).  *Cf. Yeibyo v. E-Park of DC, Inc.*, 2008 U.S. Dist. LEXIS 4988, at

16   *10-16 (D. Md. Jan. 18, 2008) (choice of law).  The very existence of such constitutional

17   concerns militates strongly against a vast nationwide overreaching of Arizona's Wage Act

18   to cover employees, many of whom may have never set foot in this State before.  *Clark v.*

19   *Martinez*, 543 U.S. 371, 380-81 (2005).  Moreover, interstate commerce would be severely

20   hindered if employers could be subjected to both Arizona wage rules and penalties *and* the

21   potentially conflicting provisions of numerous other States where their employees worked.[8]

22     **IV.**      **THE FLSA PREEMPTS PLAINTIFF'S STATE-LAW CLAIMS**

23        Even if Arizona law could be properly construed to extend to Plaintiff and other em-

24   ployees throughout the nation, Plaintiff's state-law claims are preempted in any event.

25   Plaintiff's arguments to the contrary completely ignore the serious conflicts between her

---

26   [8] *Gravquick A/S v. Trimble Navig. Intern., Ltd.*, 323 F.3d 1219 (9th Cir. 2003), does not

27   hold otherwise.  Its conclusion that the Commerce Clause was not violated relied on the par-
ties' agreement to a contractual choice-of-law clause and partial performance of the contract

28   in defendant's home State, *id*. at 1224, both of which are absent here.

proposed Rule 23 "opt-out" class and the "opt-in" class Congress mandated in the FLSA, as well as the significant disruption of Congress's comprehensive remedial scheme that would result from extending Arizona-law penalties to a nationwide class subject to numerous additional, overlapping, and often conflicting state labor laws.  Permitting Plaintiff to maintain simultaneous "opt-in" and "opt-out" classes, while superimposing Arizona law on forty-nine other States's employees, would mire the FLSA's "unusually elaborate enforcement scheme," *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 192 (4th Cir. 2007), in a hodge-podge of confusing and conflicting rules.  MTD at 16 (examples of conflicting state laws).

Contrary to Plaintiff's contention, state laws are preempted not only where they "actually conflict[]" with federal law, Opp. at 10, but also "where the state law stands as an obstacle to the accomplishment of the full purposes and objectives of Congress."  *Schneidewind v. ANR Pipeline Co.*, 485 U.S. 293, 299-300 (1988).  Here, Congress's "purposes and objectives" in passing the FLSA do not simply consist of "protect[ing] the rights of workers."  Opp. at 11.  Congress also sought, through the FLSA's opt-in class procedures and detailed remedies, to "protect[] employees . . . from having their FLSA rights adjudicated without their knowledge," *Woodard v. FedEx Freight East, Inc.*, 250 F.R.D. 178, 188 (M.D. Penn. 2008), and to protect employers from a "vast flood of [FLSA] litigation."  *Ellis v. Edward D. Jones & Co., LP*, 527 F. Supp. 2d 439, 452 (W.D. Pa. 2007).  These procedures and remedies would be significantly undermined if plaintiffs could simply avoid them by bringing claims under state laws that borrow or duplicate the FLSA's substantive provisions—especially where (as here) Plaintiff seeks to subject the employer to different States's conflicting requirements all at once.  *See, e.g.*, *Ellis*, 527 F. Supp. 2d at 447.[9]

The FLSA's Savings Clause also preempts Plaintiff's attempt to use a nationwide Arizona-law class (or even an Oregon-wide class) as a "backdoor" for additional penalties not authorized by the FLSA.  Contrary to Plaintiff's contention, the Savings Clause does

---

[9]  Again, Arizona has no overtime requirement of its own, but simply imposes treble damages for an employer's failure to pay "wages," while Oregon law simply copies the FLSA's substantive forty-hour and time-and-a-half requirements.  *See* MTD at 11.

*not* broadly permit States "to impose higher standards than those found in the FLSA," Opp. at 11, but only authorizes state laws providing "a *minimum wage* higher than the minimum wage established under [the FLSA] or a *maximum work week* lower than the maximum workweek established under [the FLSA]." 29 U.S.C. § 218(a) (emphasis added).  Yet neither Arizona's rule governing "the relevant time by which employers must pay . . . wages," Opp. at 12, nor the Oregon provisions on which Plaintiff relies require either a higher minimum wage or a lower maximum workweek than the FLSA does.  They are thus preempted by the FLSA and its "elaborate enforcement scheme" of remedies." *Anderson*, 508 F.3d at 192; *see also Blausey v. U.S. Trustee*, 552 F.3d 1124 (9th Cir. 2009).[10]  The confusion that would result from permitting Plaintiff's state-law claims to go forward would be especially pronounced as to employees within at least the First and Fourth Circuits, which have squarely held that the FLSA preempts such duplicative claims.  *Anderson*, 508 F.3d at 192; *Roman v. Maietta Construc., Inc.*, 147 F.3d 71, 76 (1st Cir. 1998).

The Ninth Circuit's decision in *Williamson v. General Dynamics Corp.*, and its recent decision in *Wells Fargo*, confirm that the FLSA preempts state-law claims that simply borrow or copy the FLSA's substantive overtime rules, especially those that seek to pile on ad-

---

[10]  The cases Plaintiff cites for the proposition that FLSA claims are "perfectly compatible with state statutory class claims" are readily distinguishable as almost none of them even squarely rules upon a preemption argument. Opp. at 12.  *See Bamonte v. City of Mesa*, 2007 WL 2022011 (D. Ariz. July 10, 2007) (supplemental jurisdiction); *Ellison v. Autozone, Inc.*, 2007 WL 2701923 (N.D. Cal. Sept. 13, 2007) ("incompatibility"); *Baas v. Dollar Tree Stores, Inc.*, 2007 WL 2462150 (N.D. Cal. Aug. 29, 2007) (same); *Breeden v. Benchmark Lending Gp., Inc.*, 229 F.R.D. 623 (N.D. Cal. 2005) (Rule 23); *Ramirez v. RDO-BOS Farms, LLC*, 2007 WL 273604 (D. Or. Jan. 23, 2007) (same); *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 491 (E.D. Cal. April 19, 2006) (same); *Sjoblom v. Charter Communs., LLC*, 2007 WL 4560541 (W.D. Wis. Dec. 19, 2007) (Rules Enabling Act); *Tomlinson v. Indymac Bank, F.S.B.*, 359 F. Supp. 2d 898, 900-901 (2005) (alleged bar under California's Unfair Competition Law).  The only two cases that do address preemption, *Lehman v. Legg Mason, Inc.*, 532 F. Supp. 2d 726 (M.D. Pa. 2007), and *Barnett v. Washington Mutual*, 2004 WL 2011462 (N.D. Cal. Sept. 9, 2000), conflict with the Ninth Circuit's teaching that "claims that are directly covered by the FLSA . . . must be brought under the FLSA," *Williamson v. Gen. Dynamics Corp.*, 208 F. 3d 1144, 1154 (9th Cir. 2000), as well as the Ninth Circuit's implicit endorsement of *Anderson* as consistent with "this Court's FLSA preemption jurisprudence." *Wells Fargo*, 571 F.3d at 959 n.5.

1   ditional remedies for FLSA violations.[11]  *Williamson* states in no uncertain terms that

2   "claims that are directly covered by the FLSA (*such as overtime . . . disputes*) *must be*

3   *brought under the FLSA*."  *Williamson*, 208 F.3d at 1154 (emphasis added).[12]

4   ### V.      PLAINTIFF LACKS STANDING TO SEEK INJUNCTIVE RELIEF

5         Plaintiff, as a private citizen and former employee, may not pursue injunctive relief

6   under the FLSA.  *Powell v. Florida*, 132 F.3d 677, 678 (11th Cir. 1998); *City of Los Ange-*

7   *les v. Lyons*, 461 U.S. 95, 104-05 (1983).  There is no support for Plaintiff's contention that

8   standing amounts to nothing more than a "[d]amages issue," Opp. at 17, or that she should

9   be allowed "to add an additional named Plaintiff."  Opp. at 17.  Indeed, she has made no

10  showing that any additional plaintiff even exists whom she could name.

11  ### VI.      CONCLUSION

12        Despite two amendments and well over four months in which to marshal facts in sup-

13  port of her claims, Plaintiff still fails to allege any real facts about her actual job duties.

14  This Court should thus dismiss her Amended Complaint with prejudice.[13]

15  DATED: August 20, 2009             Respectfully submitted,
                                       GIBSON, DUNN & CRUTCHER LLP
16                                     FENNEMORE CRAIG, P.C.
17                                     By:  _____ */s/ Julian W. Poon* _____
                                              Julian W. Poon
18                                     Attorneys for Defendant Avnet, Inc.

19  _____

20  [11]  Plaintiff draws a distinction without a difference in characterizing *Anderson v. Sara Lee Corp.*, 508 F.3d 181 (4th Cir. 2007), as involving "state common law claims," Opp. at 11-12, given that statutory claims are no less disruptive of Congress's objectives than state

21  common law claims.  There is also no basis for Plaintiff's statement that *Roman* "implied that it may have reached a different result if the plaintiff had raised a claim under" a Maine

22  statute governing the timing of wage payments.  Opp. at 13.  *Roman* did no such thing:  it simply noted that the plaintiff "never raised a claim under [that provision]."  *Roman*, 147

23  F.3d at 76.

24  [12]  Plaintiff misleadingly describes *Williamson* as holding that "the FLSA does not provide an exclusive remedy," Opp. at 11.  In fact, that statement appears in *Williamson*'s discussion

25  of *field* preemption, which, unlike conflict preemption, is not at issue here.

26  [13]  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025 (9th Cir. 2008), does not

27  support leave to amend, because there (unlike here) plaintiffs were not given an opportunity to "explain how they could amend the complaint if allowed to do so."  *Id.* at 1034.

28

1

2

### CERTIFICATE OF SERVICE

3

☒     I hereby certify that on August 20, 2009, I electronically transmitted the at-
tached document to the Clerk's Office using the CM/ECF system for filing and transmit-
4   tal of a Notice of Electronic Filing to the following CM/ECF registrants:

5

6
       Susan Martin
       Daniel Bonnett
7
       Jennifer Kroll
       Martin & Bonnett, PLLC
8
       1850 N. Central Avenue, Suite 2010
       Phoenix, AZ  85004

9

10
       Joel Christiansen (*Pro Hac Vice*)
       Christiansen Law
11
       520 SW Sixth Avenue, Suite 1250
       Portland, Oregon 97209

12
                         /s/  *Jill Wilson*

13

14

15

16

17

18   2229079.1/12444.041

19

20

21

22

23

24

25

26

27

28